Ross Layton FORD, Appellant,

v.

The STATE of Texas.

No. PD–1753–08.

Court of Criminal Appeals of Texas.

Oct. 21, 2009.

Billy R. Gant, Bonham, for Appellant.

Lisa C. McMinn, Asst. State's Atty., Jeffrey L. Van Horn, State's Atty., Austin, for State.

## *OPINION*

COCHRAN, J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON and HOLCOMB, JJ., joined.

This case concerns a pre-trial suppression hearing in which the trial court relied upon an unsworn police offense report in ruling that the deputy had probable cause to arrest appellant. After the trial court denied his motion to suppress, appellant pled guilty to possession of marihuana. The court of appeals reversed, concluding that the trial court erred in considering the unsworn report; therefore, the State failed to produce any evidence at the suppression hearing to support appellant's arrest.[1] The State claims that (1) the court of appeals overturned the trial court's ruling based on an argument appellant did not make in the trial court; and (2) the trial court may base its pre-trial suppression ruling on an unsworn police report.[2] Although we hold that appellant preserved this issue for appeal, we agree with the State's second contention that, in a pre-trial motion to suppress hearing, a trial court may rely upon any relevant, reliable, and credible information, even though it may be unsworn hearsay. Therefore, we reverse the judgment of the court of appeals.

### I.

Appellant filed a pre-trial motion to suppress evidence concerning his arrest, alleging that Deputy Halcomb searched his truck without a warrant or probable cause. Appellant testified at the hearing for the limited purpose of showing that his arrest was made without a warrant. The prosecutor did not cross-examine appellant, and he offered no live testimony. Instead, the prosecutor offered only Deputy Halcomb's unsigned, undated, and unsworn police report and gave a verbal summary of its contents to support his position that the officer had probable cause to search appellant's truck. Appellant objected to the admission of the report (1) as a violation of

---

1. *Ford v. State,* 268 S.W.3d 620, 625–26 (Tex. App.-Texarkana 2008).

2. The State's two grounds for review are

(1) May a court of appeals decide an issue based on an argument that was not made in the trial court? and
(2) May a trial court base its ruling on an unsworn police report offered into evidence at a pre-trial suppression hearing?

the hearsay rule; (2) because there was no sponsoring witness; and (3) as a violation of his right to confrontation under the Sixth Amendment. The prosecutor responded that hearsay is admissible in a suppression hearing; a suppression hearing deals only with preliminary issues; and the confrontation right attaches only at trial.[3] The trial judge overruled appellant's objections and admitted the report into evidence. Based upon the information in that report, he denied appellant's motion to suppress. The trial judge made findings of fact and conclusions of law, the most important of which reads,

> That the report submitted by Deputy Halcomb and entered into evidence is credible, and the Court accepts as true the submission of his offense report regarding his observations of the defendant and his conversations with the defendant.[4]

Following the denial of his motion to suppress, appellant pled guilty to possession of less than two ounces of marihuana. The trial judge deferred the adjudication of his guilt and placed him on community supervision for twelve months.

On appeal, appellant argued that the trial judge erred in denying his motion to suppress because the arrest report was inadmissible. The court of appeals agreed, holding that in a suppression hearing, Texas Code of Criminal Procedure article 28.01, § 1(6), permits the trial court to determine the merits of a motion based on the motion itself, upon competing affidavits, or upon live testimony.[5] The court of appeals concluded that only those three specific methods are permissible:

> In this case, the State failed to accompany its proffered documentary evidence with either some form of affidavit or live, sponsoring witness testimony. It is not enough for the State to ignore the requirements of Article 28.01(6), and merely read a police report to the trial court and then tender it—unsigned, undated, and unverified—as was done here.[6]

Because the arrest report was the only evidence the State offered to establish probable cause to search appellant's truck, the court of appeals concluded that there was no basis for the trial court to deny Appellant's motion to suppress.[7]

## II.

First, we address the State's contention that the court of appeals erred by addressing an issue that was neither preserved in the trial court nor raised on appeal. Preservation of error is a systemic requirement on appeal.[8] If an issue has not been preserved for appeal, neither the court of appeals nor this Court should address the merits of that issue.[9] Ordinarily, a court of appeals should review

---

3. The prosecutor also stated that she had tried to contact Deputy Halcomb, and she would be "just fine" with having him testify if he arrived in time. The prosecutor noted that "the State does expect Deputy Halcomb to be subpoenaed and would be at trial and will testify to what is in his report," but this hearing was, as the trial judge had stated, simply a hearing "to determine the admissibility of the evidence" that the deputy would testify to at trial.

4. *Ford,* 268 S.W.3d at 623.

5. *Id.* at 625.

6. *Id.*

7. *Id.* at 625–26.

8. *Haley v. State,* 173 S.W.3d 510, 515 (Tex. Crim.App.2005).

9. *See id.* ("Because we have held that preservation of error is a systemic requirement that must be reviewed by the courts of appeals regardless of whether the issue is raised by the parties, our inquiry into whether Haley properly preserved this alleged error is appropriate.").

preservation of error on its own motion,[10] but if it does not do so expressly, this Court can and should do so when confronted with a preservation question.[11]

■■■ To properly preserve an issue concerning the admission of evidence for appeal, "a party's objection must inform the trial court why or on what basis the otherwise admissible evidence should be excluded." [12] However, a party need not spout "magic words" or recite a specific statute to make a valid objection. References to a rule, statute, or specific case help to clarify an objection that might otherwise be obscure, but an objection is not defective merely because it does not cite a rule, statute, or specific case.[13] As this Court stated in *Lankston v. State*,[14]

Straightforward communication in plain English will always suffice.... [A]ll a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to under-

stand him at a time when the trial court is in a proper position to do something about it.[15]

The objection must merely be sufficiently clear to provide the trial judge and opposing counsel an opportunity to address and, if necessary, correct the purported error.[16] In making this determination, *Lankston* states that an appellate court should consider the context in which the complaint was made and the parties' understanding of the complaint at the time.[17]

The State contends that appellant's objections to the admission of the arrest report at the suppression hearing were to "hearsay, confrontation and the lack of a sponsoring witness." The State further claims that these are not the arguments on which the court of appeals based its specific holding—the "unpreserved issue that the document was inadmissible because it was unsworn." The State points out that there are many examples of sworn statements that are hearsay or are not proffered by a competent witness; [18]

10. *See Jones v. State*, 942 S.W.2d 1, 2 n. 1 (Tex.Crim.App.1997).

11. *Id.*

12. *Cohn v. State*, 849 S.W.2d 817, 821 (Tex. Crim.App.1993) (Campbell, J., concurring).

13. *See Rivas v. State*, 275 S.W.3d 880, 887 (Tex.Crim.App.2009).

14. 827 S.W.2d 907 (Tex.Crim.App.1992).

15. *Id.* at 909.

16. *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim.App.2005) (discussing rule of "party responsibility"); *see* Tex R.App. P. 33.1(a)(1)(A) (error is preserved if a complaint is "made to the trial court by a timely request, objection, or motion that state[s] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."); *see also Clarke v. State*, 270 S.W.3d 573, 579–80 (Tex.Crim.App.2008) (even though complaint was made without

specific reference to *Brady*, "counsel's complaint was obviously that the prosecutor had violated the rules of *Brady v. Maryland*," thus, the "complaint to the trial court concerning prosecutorial misconduct was sufficiently specific to make the judge aware of the complaint"); *Mata v. State*, 46 S.W.3d 902, 908 (Tex.Crim.App.2001). *Compare Buchanan v. State*, 207 S.W.3d 772, 775 (Tex.Crim.App. 2006) ("When the objection is not specific, and the legal basis is *not* obvious, it does not serve the purpose of the contemporaneous-objection rule for an appellate court to reach the merits of a forfeitable issue that is essentially raised for the first time on appeal.").

17. *Lankston*, 827 S.W.2d at 911.

18. *See, e.g., Sturgeon v. State*, 106 S.W.3d 81, 87 (Tex.Crim.App.2003) ("Even if the defendant himself were to reduce the proposed testimony to writing and submit it in an affidavit, such a formality would not make it any less 'hearsay.' Any statement by *anyone* other than the missing witness (the 'declarant' for hearsay purposes), describing what that witness did or would say, would be hearsay.").

thus, appellant's objections would have been equally applicable had the report been supported by an affidavit.

Appellant, on the other hand, argues that his objections were specific enough to put the trial judge on notice as to the nature of the complaint. He focuses on the last sentence of his objection: "[T]here's no basis for putting that document into evidence or having any evidence that's not proffered by a competent witness." Appellant argues that the term "competent witness," although not identical to "oral testimony" by a live, sponsoring witness as provided in art. 28.01, § 1(6), put the trial judge on notice of his specific objection.

The exchange between appellant's counsel, the prosecutor, and the judge was as follows:

State: We do have Deputy Halcomb's Offense Report showing the reason for the stop.

Appellant: Judge, I would object to it as hearsay. I object to it under Sixth Amendment Confrontation Clause. I object to any evidence.

State: As to the objection—

Judge: You're objecting to State's Exhibit 1 [the offense report]?

Appellant: My objection to any hearsay testimony from the Prosecutor. I object under *Crawford*. I'll object under the Sixth Amendment of the Constitution of the United States. I'll object under the Texas Constitution as to my right to confront and cross-examine witnesses against my client. Object that there's no basis for putting that document into evidence or having any evidence that's not proffered by a competent witness.

Within this context, the question is whether the trial judge and prosecutor understood that appellant was objecting to resolving the motion to suppress based on

hearsay information contained in an offense report made by a non-testifying officer. We think that they did. Under the *Lankston* test, the plain meaning of appellant's objection is clear: he was objecting to the police report as hearsay, but also to the fact that it was unaccompanied by any "competent" sponsoring witness testimony or affidavit. Although appellant did not specifically cite art. 28.01, § 1(6), it is clear that he was objecting to the trial judge relying on Deputy Halcomb's report because that officer was neither present to testify to the truth of its contents nor had he previously sworn to its truth by affidavit.

The prosecutor obviously understood appellant's objection because she responded appropriately: Hearsay is admissible in a pre-trial suppression hearing; the Confrontation Clause does not apply to a pre-trial suppression hearing; and a suppression hearing deals only with preliminary issues of the admissibility of evidence, not sworn, cross-examined testimony. The trial judge, in admitting the offense report, verbally agreed that the suppression hearing was simply to determine the admissibility of evidence at a later trial. Under these particular circumstances, we conclude that both the trial judge and the prosecutor understood the legal and factual basis for appellant's objection. We overrule the State's first ground for review and conclude that the court of appeals properly addressed the merits of appellant's claim.

### III.

■ We turn now to the State's second ground for review: May a trial judge base his pre-trial suppression ruling on the contents of an unsworn police report? In an appropriate situation, he may.

A hearing on a pre-trial motion to suppress is a specific application of Rule 104(a) of the Texas Rules of Evidence.[19]

---

19. Tex R. Evid. 104(a) ("Questions of Admissi-      bility Generally—Preliminary questions con-

This rule, based on longstanding common-law principles, explicitly states that a trial judge is not bound by the rules of evidence in resolving questions of admissibility of evidence, regardless of whether those questions are determined in a pre-trial hearing or at some time during trial.[20] Both common law principles and Rule 104 provide the trial judge with an important "gatekeeping" role.[21] They ensure that all

cerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court.... In making its determination the court is not bound by the rules of evidence except those with respect to privileges."); *see Granados v. State*, 85 S.W.3d 217, 227 (Tex. Crim.App.2002); *Galitz v. State*, 617 S.W.2d 949, 952 n. 10 (Tex.Crim.App.1981) (op. on reh'g) ("A 'motion to suppress' evidence is nothing more than a specialized objection to the admissibility of that evidence."); *see* also GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE· CRIMINAL PRACTICE AND PROCEDURE § 29.132 at 214 (2008 Supp.).

20. *See Granados*, 85 S.W.3d at 226–28. The Advisory Committee's Note to Federal Rule 104(a) quotes Dean McCormick and explains the common-law basis for this distinction between preliminary rulings by the judge in which the rules of evidence do not apply and evidence offered before the jury on the merits of a claim:

Should the exclusionary law of evidence, "the child of the jury system" in Thayer's phrase, be applied to this hearing before the judge? Sound sense backs the view that it should not, and that the judge should be empowered to hear any relevant evidence, such as affidavits or other reliable hearsay.

FED. R. EVID. 104(a), Advisory Committee's Note (quoting EDWARD W. CLEARY, McCORMICK ON EVIDENCE § 53 at 123 n. 8 (2d ed. 1972)). Indeed, Dean Wigmore relied upon the common-law distinction between preliminary proceedings and jury trials in stating that

in all interlocutory proceedings, even when responsory and not *ex parte*, the usual system of rules is ignored, again partly because of the subsidiary and provisional nature of the inquiry, but chiefly because there is no jury, and the rules of evidence are, as rules, traditionally associated with a trial by jury.

1 JOHN HENRY WIGMORE, EVIDENCE § 5 at 14 (1904).

The United States Supreme Court, in the context of the post-trial sentencing stage, noted the important distinction between eviden-

tiary rules applicable to trials before a jury and the common-law principles concerning a judge's discretion to use reliable sources of information to reach a "right result":

Tribunals passing on the guilt of a defendant always have been hedged in by strict evidentiary procedural limitations. But both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law. Out-of-court affidavits have been used frequently, and of course in the smaller communities sentencing judges naturally have in mind their knowledge of the personalities and backgrounds of convicted offenders.... [Fed. R.Crim. Proc. 32] provides for consideration by federal judges of reports made by probation officers containing information about a convicted defendant, including such information "as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant[.]"

*Williams v. New York*, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) (footnotes omitted). In these instances, the judge should "not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial." *Id.* at 247, 69 S.Ct. 1079. The same is true with pretrial rulings on the admissibility of evidence, such as hearings on a motion to suppress.

21. *See Hernandez v. State*, 116 S.W.3d 26, 31 n. 11 (Tex.Crim.App.2003) (in deciding questions of the admissibility of expert testimony, the trial judge need not follow the rules of evidence, except those relating to privileges, and "may ask questions of the expert witness, request more information, ask for additional briefing, or seek clarification of the scientific state of the art and reliable sources in the particular field.") *also* DIX & DAWSON, *supra* note 19, § 29.132a at 215 (noting that, al-

evidence admitted at trial is relevant, reliable, and admissible under the pertinent legal principles.[22] Although the present case does not deal with expert or scientific evidence, the underlying goal of Rule 104(a) is the same in a motion to suppress evidence: The trial judge makes a legal ruling to admit or exclude evidence based upon the relevance and reliability of the factual information submitted by the parties.[23] The question in this case, then, is whether the trial judge used sufficiently reliable information, in the form of the unsworn offense report, when he ruled upon the merits of appellant's motion to suppress.

The court of appeals's holding turned on its reading of art. 28.01, § 1(6), of the Texas Rules of Criminal Procedure. That rule reads as follows:

> (6) Motions to suppress evidence— When a hearing on the motion to suppress evidence is granted, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court.

In *Hicks v. State*,[24] we reiterated our "plain language" approach to statutory analysis:

> In *Boykin v. State* [818 S.W.2d 782 (Tex. Crim.App.1991) ], we held that " '[w]here the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not

---

though the Rules of Evidence do not apply at a suppression hearing, "the courts retain common law authority to develop procedural rules—including rules for what offered evidence or information should be considered—for the conduct of hearings.... Undoubtedly these rules would recognize considerable discretion in the trial judge, to be exercised on the basis of several considerations. How effectively can the other party challenge credibility? How easy would it be for the offering party to obtain evidence permitting better assessment?").

**22.** This "gatekeeping" role has been discussed most extensively in cases dealing with the reliability of scientific expertise. The Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), explained that the "gatekeeping" function of the trial judge under Fed.R.Evid. 104(a) is to "ensure that any and all scientific testimony is not only relevant, but reliable." Texas courts have followed suit in adopting the "gatekeeping" role of Tex.R. Evid. 104(a). *See E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 556 (Tex.1995) (trial court responsible for ensuring expert testimony is reliable); *Hartman v. State*, 946 S.W.2d 60, 62 (Tex. Crim.App.1997) ("gatekeeper" function assigned to trial judge to ensure that scientific testimony is not only relevant, but reliable as well); *Harnett v. State*, 38 S.W.3d 650, 657 (Tex.App.-Austin 2000, pet. ref'd) (under Rule 104(a) trial court has discretion to determine if expert witnesses are qualified).

**23.** This was true under common-law principles and has been brought forward under Rule 104(a). *See* McCormick, *supra*, note 20, § 53 at 123 n. 8; *see also Hennessy v. State*, 660 S.W.2d 87, 91 (Tex.Crim.App.1983) ("Hearsay-upon-hearsay may be utilized to show probable cause as long as the underlying circumstances indicate that there is a substantial basis for crediting the hearsay at each level."). As this Court noted in a post-Rules case, *Johnson v. State*, 803 S.W.2d 272, 284 n. 10 (Tex.Crim.App.1990), article 28.01 and Rule 104 do "impose limits on the purpose and conduct of pre-trial hearings." *Id.* This Court quoted Professors Wright and Graham for the proposition that Rule 104(a) read literally would allow the trial judge to make his admissibility determination based upon irrelevant evidence, "even though such a determination might be overturned by an appellate court on the basis of the sufficiency of the evidence to support the finding." *Id.* (quoting Charles A. Wright & Kenneth W. Graham Jr., 21 Federal Practice and Procedure § 5055). Obviously, that kind of discretion—basing a preliminary ruling on irrelevant or unreliable evidence—is not what Rule 104(a) contemplates because irrelevant and unreliable evidence is not a sufficient basis to support a preliminary finding—including a finding at a motion to suppress hearing. *Id.*

**24.** 241 S.W.3d 543 (Tex.Crim.App.2007).

for the courts to add or subtract from such a statute.' " Therefore, when interpreting a statute, "we ordinarily give effect to that plain meaning." But we have acknowledged an exception to this rule: "where application of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended, we should not apply the language literally." "If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous," then it is appropriate to seek the aid of extratextual factors to develop a reasonable interpretation of a statute.[25]

Thus, we must look first to the specific words in art. 28.01 to determine its meaning. The statutory rule states that a motion to suppress "may" be resolved by considering different possible means of acquiring information. The rule does not state that the motion "shall be" or "must be" resolved by these specific means.[26] There is no suggestion in the plain language of the rule that this is an exclusive list.[27] Instead, the statutory language sup-

---

25. *Id.* at 545–46 (citations omitted).

26. In drafting art. 28.01, the Legislature obviously knew the difference in meaning between the terms "may," "must," and "shall," because it used all three terms in the statute, depending upon its purpose. Article 28.01, § 1 begins with the phrase, "The court *may* set any criminal case for a pre-trial hearing[.]" That is, the trial court has the discretion to conduct a pre-trial hearing, but it may decline to do so. *See Moore v. State*, 700 S.W.2d 193, 205 (Tex.Crim.App.1985) (a trial court is not required to conduct a pre-trial hearing, even when it is requested). Conversely, the defendant "must be present at the arraignment." Art. 28.01, § 1. *See Adanandus v. State*, 866 S.W.2d 210, 218 (Tex.Crim. App.1993). In Section 2, the Legislature stated that "the defendant *shall* have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters." *See Postell v. State*, 693 S.W.2d 462, 467 n. 10 (Tex.Crim.App. 1985) (Clinton, J., concurring) (stating that if the trial judge exercises his discretion to have a pre-trial hearing, "legislative history makes plain that the proviso in § 2 means that the trial court must give an accused sufficient notice of the hearing day to allow him ten days in which to prepare and file his motions and other preliminary matters, and that they must be filed seven days before the hearing to be considered by the trial court unless for good cause shown the trial court grants leave to file thereafter."). In this statute, the Legislature used the term "may" when it intended discretionary acts and procedures, and it used "shall" or "must" when it intended mandatory acts or procedures.

27. The court of appeals reasoned that the Legislature intended that the three methods specifically mentioned in art. 28.01, § 1(6), be the exclusive means by which to resolve pretrial motions to suppress. *Ford,* 268 S.W.3d at 624 ("to properly conduct a hearing on affidavits, a trial court must admit only evidence that is supported by an affidavit, otherwise the Legislature's effort to specifically denominate that type of hearing becomes merely superfluous."). The court of appeals probably was referring to the statutory construction aid, *expressio unius est exclusion alterius,* which means that the expression of one thing implies the exclusion of other, unexpressed, things. This maxim is "a product of logic and common sense, expressing the learning of common experience that when people say one thing they do not mean something else." *Williams v. State,* 965 S.W.2d 506, 508 (Tex.Crim.App. 1998). But the maxim applies only when the statute under consideration is intended to serve as a comprehensive treatment of a topic or when it relates to a specific exception to a general rule. *See Dallas v. State,* 983 S.W.2d 276, 278 (Tex.Crim.App.1998) (" 'if statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded' ") (quoting Black's Law Dictionary 692 (4th ed. 1951)). This statutory construction aid might apply to art. 28.01, § 1(6), if the statute read "shall" or "must," indicating that the specifically named methods set out in the statute are comprehensive. But when statutes or rules use the permissive word "may," that term generally indicates that the specified items are merely examples of the types of topics covered or methods allowed. *See, e.g.,*

ports the notion that a motion to suppress is an informal hearing in which the trial judge, in his discretion, may use different types of information, conveyed in different ways, to resolve the contested factual or legal issues.[28] The State argues that the structure and language of the statute points to the conclusion that the legislature intended to give the trial court latitude to hold a "non-traditional, informal hearing that need not necessarily include witnesses, testimony, or even formal evidence." [29]

28. *Montgomery v. State*, 810 S.W.2d 372, 387–88 (Tex.Crim.App.1991) (op. on reh'g) (noting that Rule 404(b) states that evidence of other acts of misconduct "may" be admissible for purposes other than character conformity means that the examples listed in the rule are illustrative, not exclusive); *Angleton v. State*, 971 S.W.2d 65, 67 (Tex.Crim.App.1998) (Rule 901(b) sets out a nonexclusive list of methods for authenticating evidence; those specified methods are illustrative, not exclusive); *see generally, Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003) (stating that the "canon *expressio unius est exclusio alterius* does not apply to every statutory listing or grouping; it has force only when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence"); *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 81, 122 S.Ct. 2045, 153 L.Ed.2d 82 (2002) ("Just as statutory language suggesting exclusiveness is missing, so is that essential extrastatutory ingredient of an expression-exclusion demonstration, the series of terms from which an omission bespeaks a negative implication. The canon depends on identifying a series of two or more terms or things that should be understood to go hand in hand, which [is] abridged in circumstances supporting a sensible inference that the term left out must have been meant to be excluded.").

28. *See Bishop v. State*, 85 S.W.3d 819, 821–22 (Tex.Crim.App.2002) (defendant's unsworn statement in her motion to suppress sufficient to establish the fact that a search of her vehicle was made without a warrant, even though the allegation was not in her sworn affidavit. Defendant's unsworn statement consistent with what is allowed in art. 28.01, § 1(6)); *Ford v. State*, 158 S.W.3d 488, 492 (Tex.Crim.App.2005) (suppression hearing began with the State stipulating that the case involved a warrantless arrest); *State v. Miller*,

116 S.W.3d 912, 915 (Tex.App.-Austin 2003, no pet.) (The plain language of article 28.01, § 1(6), "unambiguously gives a trial court the discretion to determine the format of a pretrial suppression hearing"; finding nothing in prior cases "to suggest that the court of criminal appeals intended to deny trial courts the discretion to require live testimony at a pretrial suppression hearing. Those opinions hold that a trial court is *permitted* to determine the merits of a pretrial suppression motion without hearing testimony, not that it is *required* to do so.").

29. State's Brief at 8 ("We do not believe that the legislature's intent in art. 28.01 § (1)(6) was to dictate what type of evidence may *not* be admitted at a suppression hearing. Instead the statute was intended to give the trial court latitude to hold a non-traditional, informal hearing that need not necessarily included witnesses, testimony, or even formal evidence."). The State also argues that construing the statute as an exclusive list would prohibit reliable evidence, such as a patrol car videotape. "A videotape from a camera mounted to a police officer's car that depicted the entire traffic stop from start to finish might provide the trial court with sufficient information to determine the validity of a traffic stop. But because a videotape is not a motion, affidavit or oral testimony, the Court of Appeals' construction of the statute would not all allow the hearing to be 'determined on' the videotape." *Id.* at 9. *See Carmouche v. State*, 10 S.W.3d 323, 331–33 (Tex.Crim.App.2000) (holding that a videotape of an arrest that contradicted officer's testimony at a suppression hearing was sufficient for trial court to discount the officer's testimony). Also, as the State suggests, the trial judge may resolve a motion to suppress hearing on agreed facts when only the legal significance of those facts are disputed. Surely, it is in no one's interest to require the submission of affidavits or oral testimony when both parties agree on the relevant facts.

Appellant argues that the plain language of the statute lends itself to the narrow construction used by the court of appeals. He cautions that a permissive reading of the statute will render it without any real effect and asks us to conclude that the legislature intended the statute to establish a mandatory, not discretionary, procedure for conducting suppression hearings.

Because the legislature carefully used the term "may" throughout art. 28.01 when it intended discretionary acts and procedures and used the terms "must" or "shall" when it intended mandatory acts or procedure,[30] we conclude that the legislature intended to establish a discretionary and informal procedure for the trial court to conduct suppression hearings under art. 28.01, § 1(6). The legislature suggested, but did not require, several different methods to determine the merits of a motion to suppress, including information and facts set out in the motion itself, affidavits, or oral testimony. In sum, under the *Boykin* "plain language" analysis, we conclude that art. 28.01 means what it says when it uses the permissive term "may": A trial judge may use his discretion in deciding what type of information he considers appropriate and reliable in making his pre-trial ruling.[31] We conclude that the trial judge did not abuse his discretion in relying upon an unsworn hearsay document.[32] Deputy Halcomb's offense report could have been, but was not required to be, accompanied by an affidavit stating that "this is a true and accurate copy of my offense report."

■ Finally, we must determine whether the trial court abused his discretion by relying upon this particular unsworn hearsay document. If the source and content of the hearsay document were unreliable, then the trial court did not adequately perform his "gatekeeper" function. In this case, we conclude that Officer Halcomb's offense report contains sufficient indicia of reliability to serve as the factual basis for the trial court's ruling. The offense report includes appellant's name, correct offense date, and specific information that coincides with the same basic information to which appellant testified at the hearing.[33] Furthermore, it is a criminal offense to file a false police report.[34] Although the trial

30. *See* note 21, *supra.*

31. *See, e.g., United States v. Schaefer,* 87 F.3d 562, 570 (1st Cir.1996) ("a judge presiding at a suppression hearing may receive and consider any relevant evidence, including affidavits and unsworn documents that bear indicia of reliability"; stating that "the government effected a prima facie showing of consent [to search] by placing a copy of the police report before the court."); *United States v. Tussell,* 441 F.Supp. 1092, 1097 (D.C.Pa.1977) (trial judge stated that he allowed consideration of hearsay and unauthenticated documents "for whatever probative value" that evidence had during suppression hearing; "This is permissible at a suppression hearing without regard to the matter in issue, although the court remains obligated to weigh the evidence and discount that which is less reliable.").

32. *See, e.g., Vanmeter v. State,* 165 S.W.3d 68, 69–70 (Tex.App.-Dallas 2005, pet. ref'd) (in making suppression hearing determination trial judge may rely upon patrol car videotape and various DPS documents, including offense reports); *Macklin v. State,* 861 S.W.2d 39, 42 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd) (trial court could consider hearsay police report in making a preliminary determination of admissibility under rule 104(a)).

33. Although the offense report is itself undated, it does contain a dated fax header: "From: Fannin County Sheriff's Office Fax No. _____."

34. Tex Penal Code § 37.10 (Tampering with Governmental Record); Tex. Penal Code § 37.09 (Tampering With or Fabricating Physical Evidence); *see generally De La Paz v. State,* 279 S.W.3d 336 (Tex.Crim.App.2009) (upholding police officer's conviction for tampering with or fabricating physical evidence by filing a false offense report); *Wingo v. State,* 143 S.W.3d 178, 187 (Tex.App.-San Antonio 2004) (upholding police officer's conviction for tampering with a government record for filing a false incident report), *aff'd,* 189 S.W.3d 270 (Tex.Crim.App.2006).

judge was clearly not required to believe the information contained within Deputy Halcomb's report, the document itself is a government record and of a type that a trial judge may consider reliable in a motion to suppress hearing,[35] even though it is hearsay and is not admissible at a criminal trial on the merits.[36]

In *United States v. Matlock*, the Supreme Court held that in a suppression hearing "the judge should receive the evidence and give it such weight as his judgment and experience counsel."[37] And if there is nothing in the record to "raise serious doubts about the truthfulness of the statements themselves," then there is "no apparent reason for the judge to distrust the evidence."[38] Several federal cases have also held that a trial court may rely upon unsworn documentary evidence in a motion to suppress hearing.[39]

Art. 28.01, § 1(6), comports with *Matlock.* The trial court *may* conduct the hearing based on motions, affidavits or testimony, but there is nothing in the statute to indicate that it *must.* It is merely an indication that such hearings are informal and need not be full-blown adversary hearings conducted in accord with the rules of evidence.

Significantly, appellant did not argue that Deputy Halcomb's offense report was, in any way, unauthentic, inaccurate, unreliable, or lacking in credibility. Appellant did not contest the accuracy of the facts within that offense report; he argued only that the report could not be considered without the shepherding wings of a sponsoring witness or affidavit. Had appellant complained about the reliability, accuracy, or sufficiency of the information supporting the trial judge's ultimate ruling on the motion to suppress, this would be a very different case.[40] The prosecutor was per-

**35.** *See United States v. Sanchez*, 555 F.3d 910, 922 (10th Cir.) (rejecting defendant's claim that trial judge should not have relied so heavily on hearsay-filled offense report in motion to suppress hearing), *cert. denied,* —— U.S. ——, 129 S.Ct. 1657, 173 L.Ed.2d 1027 (2009).

**36.** Tex R. Evid. 803(8) and 803(6).

**37.** *United States v. Matlock*, 415 U.S. 164, 175, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).

**38.** *Id.* at 175–76, 94 S.Ct. 988.

**39.** *See, e.g., United States v. Stevenson*, 396 F.3d 538, 541–43 (4th Cir.2005) (at a motion to suppress hearing, trial judge could rely primarily upon letter written by defendant to his girlfriend regarding his intention to relinquish his interest in the apartment); *United States v. Bolin*, 514 F.2d 554, 557 (7th Cir. 1975) (trial court could consider documentary evidence of completed customs form at motion to suppress even though it was hearsay); *United States v. Barnes*, 443 F.Supp. 137, 139 n. 2 (S.D.N.Y.1977) ("Although the records [of testimony from a prior motion to suppress hearing in state court] presented to the [federal] court are neither certified as correct nor sworn to be correct by a witness who has compared them with the originals, see Rule

1005, Fed.R.Evid., no issue has been raised as to their authenticity and there is consequently no reason not to admit them.").

**40.** Judge Meyers, in his dissenting opinion, makes an excellent argument concerning whether Deputy Halcomb had probable cause to search appellant's car. Unfortunately, appellant never appealed the issue of whether the facts contained in Deputy Halcomb's report established probable cause. His sole issue on appeal was:

The Trial Court erred in denying the Motion to Suppress as there was no evidence or insufficient evidence offered by the State of Texas to support the warrantless search of Appellant's vehicle; such alleged evidence being the inadmissible arrest report.

Appellant's brief was devoted entirely to the form of the evidence submitted at the hearing, not to the underlying facts of the search. Neither at the motion-to-suppress hearing, nor on appeal, has appellant claimed that the facts set out in Deputy Halcomb's report were either inaccurate or insufficient to establish probable cause to search.

Appealing though it may be, we ought not remand the case to the court of appeals on a claim that was never raised on appeal and never mentioned at the hearing on the motion to suppress.

fectly willing to sponsor Deputy Halcomb's testimony if he arrived in time for the hearing, but the trial judge, hearing no complaint about the accuracy of the report, did not wait. He was prepared to rule on the motion based on the deputy's offense report. Although it is better practice to produce the witness or attach the documentary evidence to an affidavit, art. 28.01, § 1(6), did not create a "best evidence" rule that mandates such a procedure in a motion to suppress hearing. Thus, we cannot say that the trial judge abused his discretion in considering and relying upon Deputy Halcomb's offense report, which he found, in the absence of any objection to its specific contents, to be credible and reliable.[41]

The Court of Appeals was mistaken in concluding that art. 28.01, § 1(6), mandates that all information considered by a trial judge must be accompanied by affidavit or testimony. Accordingly, we reverse the judgment of the court of appeals and affirm the trial court's judgment.

KELLER, P.J., KEASLER and HERVEY, JJ., concurred in the result.

PRICE, J., filed a concurring opinion in which JOHNSON, J., joined.

MEYERS, J., filed a dissenting opinion.

PRICE, J., filed a concurring opinion in which JOHNSON, J., joined.

*Stare decisis* compels me to join the majority opinion in this cause. It does not compel me to be particularly sanguine about it.

First, I agree that the court of appeals should have addressed the question of procedural default before reversing the appellant's conviction on the merits. Under these circumstances, I usually prefer to remand a cause to the court of appeals to address that systemic issue in the first instance rather than to address it ourselves on discretionary review in the absence of a lower court ruling. But there is precedent for our doing so for the first time on discretionary review,[1] and doing so in this case allows us to address the more important issue for which we granted review. I therefore join the Court in reaching the preservation issue and concluding that error, if any, was preserved.

I also agree that precedent compels us to conclude that the trial court did not err to rely on the unsworn, unsponsored offense report in this cause. This conclusion flows from the fact that certain provisions of our Texas Rules of Evidence mimic the Federal Rules of Evidence in making questions of the admissibility of evidence the trial court's prerogative to decide, unconstrained by the rules of evidence themselves;[2] and Texas case law has mimicked federal precedent in construing these provisions to apply to hearings to resolve pretrial motions to suppress evidence.[3] While I doubt the abiding wisdom of this regime, I do not doubt the Court's conclusion that it is, in fact, the current state of the law.

---

**41.** Appellant did not, either in the trial court, or on appeal, challenge the trial judge's factual findings or his credibility determination.

**1.** *Haley v. State,* 173 S.W.3d 510, 515 (Tex. Crim.App.2005).

**2.** *See* TEX.R. EVID. 101(d)(1)(A) ("These rules, except with respect to privileges, do not apply in the following situations: ... the determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104."); TEX.R. EVID. 104(a) ("Preliminary questions concerning ... the admissibility of evidence shall be determined by the court.... In making its determination the court is not bound by the rules of evidence except those with respect to privileges.").

**3.** *See Granados v. State,* 85 S.W.3d 217, 226–30 (Tex.Crim.App.2002); *United States v. Matlock,* 415 U.S. 164, 172–77, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).

It has not always been so. The now-defunct Texas Rules of Criminal Evidence contained provisions, not carried over into our current Texas Rules of Evidence, that expressly applied the Rules in the context of pretrial suppression hearings.[4] The drafters of the Texas Rules of Criminal Evidence found good reason why they should apply with full force in the context of pretrial suppression hearings in criminal cases. Because motions to suppress an illegally obtained confession or to suppress evidence that is the product of some other illegality that calls into play our state exclusionary rule are "subject to redetermination by the jury, it is logical to require that the [pretrial] judicial determination be based solely upon admissible evidence."[5] It does indeed seem somewhat anomalous that current law should permit a trial court to make a pretrial determination with respect to the admissibility of evidence, unconstrained by the formal rules of evidence, while at the same time permitting the jury subsequently to revisit—and perhaps to reverse—that determination at trial, as authorized by Article 38.22, Section 6, or Article 38.23, but subject to the constraints of the formal rules.[6] In those cases in which the trial court's pretrial ruling on the motion to suppress does not effectively dispose of the case by a guilty plea, and the defendant proceeds to a jury trial, presumably we would want both entities, judge and jury, to have made their respective suppression decisions based upon comparable evidence. Under the current regime, that may not always happen.

There are other reasons to regret the current regime. For example, I do not understand the utility of dispensing with *all* of the Rules of Evidence for purposes of pretrial motions to suppress. Judge Meyers capably illustrated the potential drawbacks of this baby-with-the-bathwater approach in his dissenting opinion in *Granados*.[7] Why could the rulemakers not

4. *McVickers v. State,* 874 S.W.2d 662, 665 (Tex.Crim.App.1993).

5. Olin Guy Wellborn III, *Article I of the Texas Rules of Evidence and Articles I and XI of the Texas Rules of Criminal Evidence: Applicability of the Rules, Procedural Matters, and Preserving Error,* 18 St. Mary's L.J. 1165, 1200–01 (1987). *See also* Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, 1 Texas Practice Series: Guide to the Texas Rules of Evidence § 101.1 (3rd ed. 2002), at 11 ("Since under Texas law a judicial determination to admit evidence in these cases is subject to redetermination by the jury, it was logical to require that the judicial determination be based solely upon admissible evidence.").

6. Tex Code Crim. Proc. arts. 38.22 § 6; 38.23.

7. As Judge Meyers remarked:

[W]ithout the evidentiary scaffolding provided by the Rules [of Evidence], all evidence is admissible, all evidence is relevant and the discretion wielded by the trial court is discretion incapable of abuse. * * * Under the majority's reading of the law, there is now nothing to prevent a trial court from deciding the merits of a suppression motion by relying exclusively on an unsworn police report or lab report. No longer must an expert witness at a suppression hearing be qualified. Tex.R. Evid. 702. Nor must the State continue to burden itself by marshaling witnesses who have personal knowledge of the events about which they are testifying. Tex.R. Evid. 602. Taking the majority's holding to its logical extreme, if the trial judge wished to save time, he could simply call himself as a witness and testify in support of the existence of probable cause by reading a newspaper account of the arrest into the record. Tex.R. Evid. 605.

*Granados, supra,* at 240 (Meyers, J., dissenting). Or, as I have observed in another context: "If a trial court is not bound by the rules of evidence, it may even refuse to admit plainly relevant evidence, since it is a rule of evidence that makes relevant evidence admissible (subject to certain exceptions) and irrelevant evidence inadmissible." *Vennus v. State,* 282 S.W.3d 70, 78 (Tex.Crim.App.2009) (Price, J., concurring).

have fashioned Rule 104(a) in such a way that it excludes only operation of Article VIII (the hearsay provisions),[8] and, perhaps Rules 403 and 404,[9] from judicial determinations of the admissibility of evidence—at least in the context of pretrial motions to suppress? Why should the formal rules governing relevance and authenticity, for instance, not apply in this context? It troubles me to say that the rules of evidence make the admissibility of evidence in a pretrial suppression hearing discretionary with the trial court under such an amorphous and unfettered standard as simple "reliability" when so many of the rules of evidence (such as the rules meant to ensure authenticity) are themselves manifestly intended to codify the system's best estimate, hammered out over many decades of decisional law and critical commentary, of how an adjudicatory process can achieve that very thing.

Professors Dix and Dawson, to whose treatise the Court alludes at several points, have also questioned the advisability of our holding in *Granados*, noting that hearings on motions to suppress evidence are different than other hearings to determine questions of fact preliminary to admissibility of evidence, in a way that makes application of rules [of evidence] appropriate. Issues regarding the legality of manner in which evidence is obtained are generally more complicated and require more extensive exploration—as a general matter—that [sic] issues presented by other evidentiary questions.

The issues at traditional hearings on motions to suppress implicate matters important for reasons other than their relationship to the truth-determining function of trials. Most obviously, of course, the issues are closely related to the goal of limiting law enforcement conduct. The need to assure fair and accurate resolution of the numerous difficult issues related to this collateral goal argues in favor of applying the rules of evidence.[10]

Such reservations aside, however, I agree that, after *Granados*'s undoubtedly accurate construction of the Texas Rules of Evidence (whether they represent good *policy* or not), "there is now nothing to prevent a trial court from deciding the

---

8. Especially in the context of pretrial suppression hearings that involve questions of probable cause or consent, evidence that might constitute rank hearsay if offered at the trial on the merits will not constitute hearsay at all. The State typically offers many out-of-court statements in this context, not to establish the truth of any assertions contained therein, but only to establish the reasonableness or permissibility of the officer's investigative conduct. *E.g., Campbell v. State*, 910 S.W.2d 475, 480 (Tex.Crim.App.1995). *See* George E. Dix & Robert O. Dawson, 42 Texas Practice: Criminal Practice and Procedure § 29.133 (2nd ed. 2001), at 630 ("Often, a critical issue in a suppression hearing is the factual basis on which an officer acted, that is, the information the officer received and relied upon in making a stop, an arrest, or a search. Where this is the case, the officer's testimony as to what others said is not hearsay because the testimony concerning the out-

of-court statement of the declarant is not offered 'to prove the truth of the matter asserted' as is necessary to make it hearsay.").

9. Tex R. Evid. 403 & 404. These provisions make relevant evidence nevertheless inadmissible because it may be (in the case of the former), or is deemed to be as a matter of law (in the case of the latter), substantially more prejudicial than probative. Presumably, in a hearing before the court, the trial judge is capable of discounting the prejudicial potential, and focusing only on the probative value, of relevant evidence. Therefore, there would be no compelling reason to insist upon applying these particular evidentiary rules in a pretrial suppression hearing.

10. George E. Dix & Robert O. Dawson, 42 Texas Practice: Criminal Practice and Procedure § 29.132 (2nd ed. Supp. 2008–2009), at 214.

merits of a suppression motion by relying exclusively on an unsworn police report[.]"[11] And if, as here, the appellant does not question the accuracy or reliability of the content of that report, and it establishes probable cause,[12] it may prove determinative of the motion to suppress. Because I do not question the correctness of the Court's construction, but only the wisdom of the rules themselves in this regard, I am constrained to join the opinion of the Court.

MEYERS, J., filed a dissenting opinion.

Appellant's sole issue on his appeal to the court of appeals read as follows:

> The Trial Court erred in denying the Motion to Suppress as there was no evidence or insufficient evidence offered by the State of Texas to support the warrantless search of Appellant's vehicle; such alleged evidence being the inadmissible arrest report.

It seems apparent from Appellant's pleadings that his issue embodied the traditional request to courts of appeals when they review the correctness of a suppression hearing: Is the record sufficient to affirm the trial judge's ruling? *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex.Crim.App. 2004). Simply put, it is really only a sufficiency review. Unfortunately for the Appellant, the Rules of Evidence do not apply, and consequently, the Fannin County Police Department's report was admissible. TEX.R. EVID. 104(a).

Therefore, I agree with the majority that a trial judge may base a ruling at a suppression hearing on an unsworn arrest report; the court of appeals's conclusion that the arrest report was improperly admitted is incorrect.[1] *Ford v. State*, 268 S.W.3d 620, 625 (Tex.App.-Texarkana 2008). However, instead of returning this case to the court of appeals, the majority performs their own sufficiency review, finding the arrest report adequate to raise probable cause for the search. I, however, would remand this case to the court of appeals to determine whether the arrest report, viewed in the light most favorable to the trial court's ruling, supports the trial court's findings of fact.[2] *Keehn v. State*, 279 S.W.3d 330, 334 (Tex.Crim.App. 2009). In previous cases, when faced with similar suppression-hearing issues, we have allowed courts of appeals the opportunity to remedy flawed analyses by remanding for further proceedings consistent with our holdings. *See Montanez v. State*, 195 S.W.3d 101 (Tex.Crim.App. 2006); *Wright v. State*, 7 S.W.3d 148 (Tex. Crim.App.1999). If the court of appeals were able to evaluate the evidence presented at the suppression hearing, I believe it would decide that the arrest report does not support the trial court's findings of fact.

---

**11.** *Granados, supra*, at 240 (Meyers, J., dissenting).

**12.** Whether the police report in this case does, in fact, establish probable cause is, I also agree, not an issue that is before us in this petition for discretionary review.

**1.** The trial court denied Appellant's motion to suppress based upon the arrest report of Deputy Halcomb. The court of appeals, in performing its sufficiency analysis, reversed the trial court's judgment, concluding that the arrest report was improperly admitted at the suppression hearing because the State did not offer an affidavit in support of the report. *Ford*, 268 S.W.3d at 625. Due to that evidentiary determination, nothing remained to support the trial court's decision that the search was permissible under an exception to the Fourth Amendment. *Id.* at 625–26.

**2.** After a trial judge denies a motion to suppress and enters findings of fact, the first step for an appellate court is to determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports that court's findings. *Keehn*, 279 S.W.3d at 334.

Following the hearing on Appellant's motion to suppress, the trial court found "[t]hat Deputy Halcomb's observation of the three open beer cans constituted probable cause to search all areas of defendant's vehicle where an open container of alcohol could be stored under the automobile exception to the warrant requirement."[3] The automobile exception to the Fourth Amendment's warrant requirement allows law enforcement officials to conduct a warrantless search of a vehicle if (1) it is readily mobile and (2) there is probable cause to believe that it contains contraband.[4] *Keehn*, 279 S.W.3d at 335. The latter element of the automobile exception is the problem here.

Deputy Halcomb did not have probable cause to believe that Appellant's vehicle contained contraband; rather, he knew with certainty that Appellant's vehicle contained evidence of the open container violation. It is clear from Deputy Halcomb's arrest report that he knew Appellant had violated Texas open container law before commencing the search. Deputy Halcomb was unavailable to testify at the suppression hearing, but his arrest report stated that he stopped Appellant's vehicle for towing a trailer without operational running lights. From outside the vehicle, he saw three opened beer cans in the passenger compartment. At that point, Deputy Halcomb informed Appellant "that the open beer cans were a violation of Texas open container law." TEX. PENAL CODE ANN. § 49.031 (Vernon 2003). After that, the deputy searched for "additional alcohol."

Upon seeing the three opened beer cans, the deputy knew that Appellant had violated Texas Penal Code Section 49.031. *Id.* And, importantly, there was no need to commence a search for "additional alcohol" because possession of one *or more* open containers in a single criminal episode is a single offense.[5] *Id.* Under Section 49.031, Deputy Halcomb should have issued a written citation and notice to appear; and, if Appellant signed the citation and notice to appear, Appellant should have been released.[6] *Id.*

Finally, and most importantly, the majority concludes that the arrest report "contains sufficient indicia of reliability to serve as the factual basis for the trial

3. Though the court justified the search under the automobile exception, the conclusory paragraph contained language relating to the plain view exception: "that open alcoholic beverage containers were in plain view in the passenger compartment ... that the observation of the open alcoholic beverage containers in plain view gave probable cause to search the red GMC pickup...." We recently explored the distinctions between the automobile and plain view exceptions, and the plain view exception would not apply in this case. *Keehn*, 279 S.W.3d at 335. Without exigent circumstances, plain view "can never justify a search and seizure without a warrant when law enforcement officials have no lawful right to access an object." *Id.*

4. The automobile exception does not require exigent circumstances. *Maryland v. Dyson*, 527 U.S. 465, 466–67, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999).

5. Section 49.031 Subsection (b) states: "A person commits an offense if the person knowingly possesses an open container in a passenger area of a motor vehicle that is located on a public highway.... Possession by a person of one or more open containers in a single criminal episode is a single offense." TEX PENAL CODE ANN. § 49.031(b) (Vernon 2003).

6. Section 49.031 Subsection (e) states: "A peace officer charging a person with an offense under this section, instead of taking the person before a magistrate, shall issue to the person a written citation and notice to appear.... If the person makes a written promise to appear before the magistrate by signing in duplicate the citation and notice to appear issued by the officer, the officer shall release the person." TEX PENAL CODE ANN. § 49.031(e) (Vernon 2003).

court's ruling," but I don't know what this means. Apparently, the majority has done their own sufficiency analysis of all the evidence in relation to the trial court's findings.[7] But as I previously pointed out, the officer's report fails to bring forth facts setting out reasonable suspicion or probable cause to conduct a search of Appellant's truck. This should be the issue for the court of appeals to resolve on remand.

In conclusion, while I agree with the majority that the trial court was permitted to consider the arrest report, I feel that the court of appeals should now be given the opportunity to review the arrest report and decide whether it supports the trial court's findings of fact.[8] Therefore, I respectfully dissent.[9] Because there was no applicable exception authorizing a warrantless search of Appellant's vehicle, I believe the resulting conclusion would be that the trial judge erred in denying the motion to suppress.

---

**7.** Neither the court of appeals nor the majority discussed whether the arrest report was *legally* correct to sustain the judge's ruling. Obviously, the majority feels their conclusion is sufficient to justify a judge ruling that a warrantless search is OK in a case like this. I find this to be significant and unfortunate.

**8.** Once again, this would be exactly what Appellant requested in his point of error to the court of appeals.

**9.** By concluding that a trial judge may base a suppression-hearing ruling on an unsworn police report, the majority now reaffirms a rule to which I was first opposed in *Granados v. State*, 85 S.W.3d 217, 241 (Tex.Crim.App. 2002) (Meyers, J., dissenting): "Now, so long as there is some evidence in favor of the ruling on the motion to suppress, regardless of how unreliable that evidence might be, the trial judge cannot abuse his discretion." In my dissent to that majority opinion, I predicted the exact situation presented in this case: "Under the majority's reading of the law, there is now nothing to prevent a trial court from deciding the merits of a suppression motion by relying exclusively on an unsworn police report or lab report." *Id.* at 240.