

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00117-CR
### NO. 02-15-00118-CR

BODERIC KOMOLAFE                                              APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NOS. F-2013-0379-D, F-2013-0378-D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Boderic Komolafe pleaded guilty to two cases of aggravated robbery, and the jury assessed his punishment at eighty years' confinement in each case. *See* Tex. Penal Code Ann. § 29.03 (West 2011). The trial court sentenced Komolafe accordingly and ordered the sentences to run concurrently.

---
[1]*See* Tex. R. App. P. 47.4.

In three points, Komolafe complains of various portions of the State's closing argument during punishment.

The record reflects—and Komolafe expressly concedes in his brief with regard to his first point—that he lodged no objection at trial to the various portions of the State's closing argument he complains of on appeal. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263. A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). "Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with [r]ule 33.1(a)." *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).

To avoid the preservation issue, Komolafe argues throughout his three points that the State's allegedly erroneous and harmful jury argument deprived him of a fair trial. A due-process, fair-trial objection is required, however, to preserve a complaint on appeal that the prosecutor engaged in serious and continuing prosecutorial misconduct so as to effectively deprive a defendant of due process or a fair trial. *See Clark v. State*, 365 S.W.3d 333, 339–40 (Tex. Crim. App. 2012). The trial court "needs to be presented with and have the chance to rule on the specific constitutional objection" because "constitutional error is subject to a much stricter harm analysis on appeal." *Id.* at 340. Moreover, a substantive review of the challenged but unobjected-to portions of the State's closing argument during punishment reveals that the portions do not rise to the level of fundamental error. *See Arizona v. Fulminante*, 499 U.S. 279, 309–10, 111 S. Ct. 1246, 1264–65 (1991) (recognizing fundamental error occurs when certain constitutional rights are violated, such as the right to counsel, the right to an impartial judge, the right for there not to be unlawful exclusion of members of the defendant's race from the grand jury, the right to self-representation at trial, or the right to a public trial).

Because Komolafe lodged no objections to the portions of the State's closing argument he complains of on appeal, he forfeited all three of his complaints. *See* Tex. R. App. P. 33.1(a); *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (holding appellant's failure to object to jury argument

3

during punishment phase forfeited right to raise the issue on appeal). We also hold that no fundamental error occurred during the State's closing argument. We overrule Komolafe's three points, and we affirm the trial court's judgments.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2015

4