

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00158-CR

---

DAVID KEITH HAMMONS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court

Hall County, Texas

Trial Court No. 4143, Honorable Dale Rabe, Jr., Presiding

---

August 29, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following a plea agreement, Appellant, David Keith Hammons, was placed on deferred adjudication community supervision for eight years and assessed a fine of $8,000 for aggravated assault with a deadly weapon, to wit: a firearm.[1] Two years later, the State moved to adjudicate guilt for violations of community supervision. Following a hearing on the State's motion, the trial court found Appellant committed the new offense

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2).

of DWI and failed to report as required. Appellant was adjudicated guilty of the original offense and sentenced to confinement for seventeen years. By a sole issue, Appellant asserts his seventeen-year sentence constitutes cruel and unusual punishment. We affirm.

**ANALYSIS**

Appellant acknowledges that generally, punishment assessed within the statutory range will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). But he invokes the narrow exception that his sentence is cruel and unusual because it is grossly disproportionate to the offense. *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016). He then argues that, under the factors for determining whether a sentence is grossly disproportionate to the gravity of the offense, he should prevail and be granted a new trial. We disagree.

Even though not raised by the State, preservation of error is a systemic requirement we must review sua sponte. *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020); *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009). A sentencing issue may be preserved at the punishment hearing when sentence is pronounced or if there was no opportunity to do so, then by motion for new trial. *Mayo v. State*, 690 S.W.3d 103, 107 (Tex. App.—Amarillo 2024, pet. ref'd). A claim that a sentence constitutes cruel and unusual punishment is forfeited without an objection in the trial court. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc).

In the underlying case, after the trial court pronounced Appellant's sentence and fine, defense counsel was not afforded an opportunity to object. *See Mayo*, 690 S.W.3d

2

at 107. Thus, the earliest opportunity to object was via a motion for new trial. *Id.* Appellant asserts in his brief that he filed a motion for new trial which was overruled by operation of law, but no record reference is provided and after a review of the clerk's record, no motion was found. Thus, Appellant has waived his complaint that his sentence was cruel and unusual. His sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.