**Affirmed and Memorandum Opinion filed September 20, 2012.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘
—————————————

**NO. 14-11-00628-CR**
—————————————

**TOMMIE KELLY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1267760**

## MEMORANDUM OPINION

Appellant, Tommie Kelly, appeals from his conviction for aggravated sexual assault of a child under fourteen years of age.   Tex. Penal Code Ann. § 22.021 (West 2011).   We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2010, a complaint was filed alleging that appellant sexually assaulted a child younger than fourteen years of age.   Appellant was taken into custody and defense counsel was appointed on June 23, 2010.   Appellant was indicted on September 16, 2010.

On September 29, 2010, appellant and his defense counsel appeared in court. During that court appearance, the trial court lowered appellant's bond and ordered that appellant provide a DNA sample. Included in the appellate record is a Precept to Serve that establishes appellant was served with the trial court's September 29, 2010 DNA order that same day. The following day, September 30, 2010, the State filed a motion asking for the trial court to enter an order requiring appellant to give a DNA sample. The State's motion does not include a certificate of service on appellant's counsel. The trial court signed the attached order the same day and a second Precept to Serve establishes that appellant was served with the September 30, 2010 order on October 5, 2010. Appellant and his defense counsel appeared in court nine times between the entry of the orders requiring him to provide a DNA sample and his decision to enter a guilty plea on May 25, 2011. During that time period appellant filed numerous motions, but none addressed the State's motion asking the trial court to order appellant to provide a DNA sample or the trial court's entry of the two DNA orders.

On May 25, 2011, appellant pled guilty to the offense and signed a judicial confession. In that judicial confession, appellant specifically consented to the admission of the stipulation of evidence, introduction of affidavits, written statements, and other documentary evidence. At the time of his guilty plea, appellant requested the preparation of a presentence investigation report.

The presentence investigation hearing was held on July 21, 2011. The State called no witnesses during that hearing. During closing argument, the State did mention the existence of DNA evidence when the prosecutor said:

> Judge, it appears the only time that he stepped up or tried to take any responsibility is when he was confronted with the fact that the DNA found on the rape exam actually belonged to him.

2

Appellant made no objection to the State's argument. At the conclusion of the hearing, the trial court found appellant guilty of the offense of aggravated sexual assault of a child and sentenced him to be imprisoned for 11 years. This appeal followed.

### DISCUSSION

Appellant brings a single issue on appeal: the trial court erred when it granted the State's motion for a buccal swab. Within that single issue, appellant asserts that the State's motion was an ex parte communication and the trial court granted the motion with no notice to appellant and without giving him an opportunity to respond. Appellant also argues that the resulting DNA test was an illegal warrantless search. The State responds appellant failed to preserve his issue for appellate review. We agree with the State.

The Court of Criminal Appeals has determined that preservation of error is a systemic requirement and that it is the duty of appellate courts to "ensure that a claim is preserved in the trial court before addressing its merits." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). This is true even if, unlike here, the State has not raised a preservation question. *Id.* at 532–53.

To properly preserve an issue for appellate review, "all a party has to do … is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Id.* at 533 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). When the defendant contends evidence was unlawfully seized, he can challenge the admissibility of that evidence through a pretrial motion to suppress or by waiting until the trial and then lodging an objection when the State offers the evidence. *Roberts v. State*, 545 S.W.2d 157, 158 (Tex. Crim. App. 1977). The Court of Criminal Appeals has consistently held that the failure to timely and specifically object during trial forfeits complaints about the admissibility of evidence. *Saldano v. State*, 70 S.W.3d 873,

889 (Tex. Crim. App. 2002). This also applies when the alleged error concerns a constitutional right of the defendant. *Id.*

Prior to pleading guilty, appellant did not file a motion to suppress or indicate in any manner that he believed the orders to take a buccal swab and subsequent DNA sampling violated his constitutional rights. In addition, during the presentence investigation hearing, appellant did not object to the prosecutor's argument that referenced the DNA evidence at issue here. We hold appellant failed to preserve his complaint for appellate review. We overrule his issue on appeal.

## CONCLUSION

Having overruled appellant's issue on appeal, we affirm the trial court's judgment.


/s/    Margaret Garner Mirabal
Senior Justice


Panel consists of Justices Frost, McCally, and Mirabal.[1]
Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[1] Senior Justice Margaret Garner Mirabal sitting by assignment.

4