

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-13-00335-CR

———————————————

JEREMY CHAD BRAUN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 23,926-B; Honorable John B. Board, Presiding

May 21, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Jeremy Chad Braun, was convicted following a jury trial of theft of property (copper wire) having a value of less than $20,000[1] and was sentenced to one year confinement. In a single issue, Appellant asserts the trial court erred by admitting Appellant's unrecorded oral statements to law enforcement prior to his arrest. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(F) (West Supp. 2014). An offense under this section is a state jail felony.

BACKGROUND

In March 2013, a grand jury returned an indictment that alleged, "on or before November 9, 2012 . . . [Appellant] did then and there intentionally and knowingly, with intent to deprive the owner, David Pace, of property, namely: copper, unlawfully appropriate, by acquiring and otherwise exercising control over, such property which had a value of less than $20,000, without the effective consent of the owner." On October 11, 2013, Appellant filed a *Motion to Prohibit the State from Attempting to Introduce Statements Allegedly Made by the Defendant Without a Prior Hearing on Admissibility.* Appellant's motion was directed at oral statements made to the police and was broadly premised on the United States Constitution, Texas Constitution, articles 38.21, 38.22, and 38.23 of the Texas Code of Criminal Procedure, and the hearsay rules of the Texas Rules of Evidence.

At a pretrial hearing and at trial, Officer Caleb McCarrell testified that on November 9, 2012, he observed a white male wearing a black t-shirt inside a fenced-in construction site late in the evening. He made a second pass and observed two males outside the fenced-in construction site and identified Appellant as the white male in the black t-shirt he had earlier observed within the construction site. He identified himself as a police officer and asked them for identification. He patted them down for safety reasons[2] and discovered a pair of wire cutters and a small flashlight in Appellant's pockets. Looking along the fence line, Officer McCarrell saw a white, plastic spool containing yellow wire. The spool was outside the fence where Appellant was standing.

---

[2] The area was dimly lit and he was riding solo.

Officer McCarrell then engaged in a conversation with Appellant. Appellant was not handcuffed and Officer McCarrell testified he was conducting an investigation. In response to a question asking what the spool was, Appellant said he obtained the spool out of a trash pile. After Officer McCarrell observed that there were no trash piles in the vicinity, Appellant motioned toward the construction site and indicated he obtained it from a trash pile on the south side. Officer McCarrell placed Appellant under arrest, put him in handcuffs, and asked him no further questions. He released the second individual.

After Officer McCarrell's testimony, Appellant's counsel informed the court that he wanted to renew his objection to any testimony by Officer McCarrell regarding statements made by Appellant prior to his arrest. He stated that "[a]lthough the original Motion was based on that he could've been in custody at the time, [he] would now renew that objection, *but make it based on it doesn't fall within any of the hearsay objections.*" (Emphasis added.) During trial, Appellant's counsel objected to Officer McCarrell's testimony related to Appellant's statements stating "[y]our Honor, we'll object based on hearsay." The trial court denied Appellant's motion and overruled his objection at trial.

A jury found Appellant guilty of theft of copper wire and he was sentenced to one year confinement. This appeal followed.

ISSUE ONE

Appellant asserts the trial court erred in admitting his answers to Officer McCarrell's questions because he was undergoing a custodial interrogation in the

3

absence of being "Mirandized" in violation of federal and state law. *See generally Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966); TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3 (West Supp. 2014). We find Appellant did not preserve this error for purposes of appeal.

Preservation of error is a systemic requirement on appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473-74 (Tex. Crim. App. 2010). To preserve a complaint for appellate review, a party must have presented a specific and timely request, motion, or objection to the trial court and, further, must have obtained an adverse ruling. TEX. R. APP. P. 33.1(a); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). Even constitutional rights may be waived if the proper objection is not asserted in the trial court. *Saldano v. State*, 70 S.W.3d 873, 886-87 (Tex. Crim. App. 2002). *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Further, the point of error on appeal must comport with the objection made at trial. *Clark*, 365 S.W.3d at 339.

Here, the issue raised by Appellant at the pretrial hearing and later at trial do not comport with the issue presented on appeal. There is nothing in the record to indicate that either the judge or the prosecutor understood Appellant's complaint to be that Appellant was not provided any constitutional warnings at the time Officer McCarrell questioned him. Instead, his objections at the pretrial hearing and later at trial were based on evidentiary rules, specifically hearsay. Presenting one legal theory in the trial court will not preserve a different legal theory on appeal. *See Wilson v. State*, 71 S.W.3d 346, 349-50 (Tex. Crim. App. 2002); *Wright v. State,* 374 S.W.3d 564, 575-76

4

(Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).  Accordingly, Appellant's single issue is overruled.  *Clark,* 365 S.W.3d at 339-40.

Furthermore, even if Appellant's complaint was preserved, the record supports the trial court's implicit conclusion that Appellant was not in custody at the time the questioned statements were made and thus, no *Miranda* warnings were necessary.  No one disputes that Officer McCarrell had sufficient reasonable suspicion to conduct an investigation into the facts and circumstances surrounding the late evening presence of individuals at a construction site.  Nor does Appellant contend that he was physically restrained in any other meaningful manner at the time he made the statements in question.  Furthermore, Officer McCarrell's inquiries were of the kind normally permitted during the pendency of an investigatory detention of like ilk.  Therefore, because Appellant's liberty was not unreasonably restrained prior to his making of statements that tended to connect him to the incriminating copper wire outside the enclosed construction site, no *Miranda* warning were required at that time.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

5