

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00497-CR

SEAN ARMSTRONG                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
### TRIAL COURT NO. 1375092D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Sean Armstrong appeals from his conviction for forgery by possession with intent to pass a forged writing, to-wit: money. *See* Tex. Penal Code Ann. § 32.21(e) (West 2011). After Armstrong pleaded true to the repeat-offender paragraph, the trial court sentenced him to fifty-four months'

---

[1]*See* Tex. R. App. P. 47.4.

confinement. In one point, Armstrong argues that the trial court abused its discretion by admitting his confession that was allegedly obtained by law enforcement in violation of *Miranda v. Arizona*.[2] Because Armstrong's complaint concerning the admission of his confession was not asserted in the trial court, we will affirm.

## II. FACTUAL BACKGROUND

During the trial to the bench, Carmen Serrato testified that she was a cashier at the Albertson's in Lake Worth on June 24, 2014. Armstrong came to Serrato's lane to check out and handed her two fake twenty-dollar bills to pay for his items. Serrato testified that she could tell that the money was fake because it felt like ordinary paper and because the ink was blue. Serrato marked the bills with a counterfeit marker; the mark turned black, indicating the bills were fake; and she called the manager to come to her register. Serrato testified that the manager came to her register and that Armstrong attempted to leave the store but was stopped.

Jerry Sallee, a police officer with the Lake Worth Police Department, testified that on June 24, 2014, he received a dispatch that someone was trying to make a purchase at Albertson's using counterfeit money. When Officer Sallee arrived at Albertson's, he met with loss prevention and Serrato to find out what had happened. Officer Sallee then made contact with Armstrong, who had been

---

[2]384 U.S. 436, 86 S. Ct. 1602 (1966).

detained by loss prevention, and asked him if he had any additional fake money. Armstrong responded that he had more fake money in his back pocket and that his mother had given him the money. Officer Sallee retrieved a white envelope from Armstrong's back pocket; inside the envelope were six additional counterfeit twenty-dollar bills. Officer Sallee testified that he read Armstrong the *Miranda* warnings at 11:37 a.m., placed him under arrest, and transported him to jail. Officer Sallee testified that he could not recall whether he had read Armstrong the *Miranda* warnings prior to talking to him.

Detective Christopher Gregory with the Lake Worth Police Department testified that he and Special Agent Victor Martinez with the Secret Service interviewed Armstrong after he was transported to jail. Detective Gregory said that Officer Sallee had read Armstrong his rights on the scene, that Armstrong had indicated his understanding of each of the rights by signing the *Miranda* card containing the warnings, and that Armstrong had agreed to waive those rights and to speak to Detective Gregory. During the interview, which was recorded, Armstrong gave an oral confession; the recording was admitted into evidence without objection. Armstrong also provided a written statement, which was also admitted without objection. Detective Gregory testified that the *Miranda* warnings were listed at the top of Armstrong's written statement and that Armstrong had initialed below them, indicating that he was waiving his rights. Armstrong's written statement contained the following: "I got the bills From. Stan Beck. An Christian Walker. The money is from them. Im sure there making it. Lancaster

3

Ave." Armstrong admitted during his oral statement that he knew that the money was counterfeit when he tendered it at Albertson's.

Special Agent Martinez testified that the money seized from Armstrong was counterfeit because, among other things, it all had the same serial number, it was not made of the type of linen paper that is used with genuine currency, and it had a security thread that was not clear. Special Agent Martinez further testified that in his expert opinion, the bills seized from Armstrong were forged writings and were not genuine currency produced by the federal government.

### III. COMPLAINT FORFEITED

In his sole point, Armstrong argues that the trial court abused its discretion by admitting his confession that was allegedly obtained by law enforcement in violation of *Miranda v. Arizona*.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263. A reviewing court should not

4

address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Here, Armstrong did not file a motion to suppress and did not object when his oral and written confessions were admitted at trial. Because Armstrong did not raise his complaint in the trial court, the merits of the complaint he raises in his brief are forfeited. *See Brantley v. State*, No. 07-13-00218-CR, 2015 WL 780266, at *2 (Tex. App.—Amarillo Feb. 23, 2015, no pet.) (mem. op., not designated for publication) (holding that appellant's failure to communicate his complaints—regarding a violation of his *Miranda* rights or the involuntariness of any statements he made—in his written motion to suppress and his failure to complain during trial about the issues upon which he sought relief on appeal operated as a forfeiture of those complaints); *cf. Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) (holding alleged violation of *Miranda* right-to counsel warning was waived because "global statements" in pretrial motion to suppress "were not sufficiently specific to preserve" appellant's argument), *cert. denied*, 549 U.S. 861 (2006). We overrule Armstrong's sole point.

## IV. CONCLUSION

Having overruled Armstrong's sole point, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

5

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 27, 2015