

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00264-CR

MICHAEL L. JONES                                                                      APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY
TRIAL COURT NO. CR-2014-00223-A

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael L. Jones appeals his conviction and sentence for driving while intoxicated. We affirm.

### Background Facts

On September 15, 2013, Appellant was arrested for driving while intoxicated. At the end of Appellant's trial, the trial court announced that each

---

[1]*See* Tex. R. App. P. 47.4.

side had fifteen minutes for closing argument.  One State's attorney said, "I'll be going first for the State.  If you'll let me know when I've used five minutes."  The second State's attorney requested a two-minute warning.  Appellant's trial counsel asked for a five-minute warning and a ten-minute warning.

After the charge was read to the jury, the State's first attorney made her closing statement.  Appellant's trial counsel then announced that she was going to waive closing argument.  The trial court then allowed the State's second attorney to proceed with the State's closing argument.  Appellant objected,

> Your Honor, I'd like to make an objection to the State being allowed to make their rebuttal close.  Since we had waived our close, the State should not be allowed to make their rebuttal close.
>
> THE COURT:  I've given each side 15 minutes, and you've— you've chosen how you want to use yours.
>
> You may proceed.

The State then finished its closing argument.

The jury returned a unanimous verdict of guilty and assessed Appellant's punishment at eighty-five days in jail.  The punishment was probated for a period of fifteen months with certain conditions of probation.  Appellant then filed this appeal.

**Discussion**

**1. Rebuttal argument**

In his first point, Appellant argues that the trial court erred by allowing the State to make "rebuttal" argument when Appellant had elected to waive closing

2

argument. The code of criminal procedure provides that "[t]he order of [the] argument may be regulated by the presiding judge; but the State's counsel shall have the right to make the concluding address to the jury." Tex. Code Crim. Proc. Ann. art. 36.07 (West 2007). We review a trial court's decisions regarding argument for abuse of discretion. *Degadillo v. State*, 262 S.W.3d 371, 378 (Tex. App.—Fort Worth 2008, pet. ref'd) (citing *Threadgill v. State*, 146 S.W.3d 654, 673 (Tex. Crim. App. 2004); *Margraves v. State*, 56 S.W.3d 673, 684 (Tex. App.—Houston [14th Dist.] 2001, no pet.)).

Here, Appellant implied that he would be making closing argument by requesting time warnings from the trial court. Both of the State's attorneys requested time warnings, clearly indicating that they would both be arguing during the State's allotted fifteen minutes. However, after the State's first attorney argued, Appellant then elected not to argue. Appellant's complaint that the State was allowed to proceed with its closing argument despite Appellant's choice is in effect a complaint that he was not allowed to choose unilaterally to cut off the State's argument prematurely. It is not an abuse of discretion for the trial court to deny Appellant that power.

Appellant argues that we should conduct a harm analysis under rule 44.2(a) because the trial court's actions raise constitutional concerns regarding the right to a fair trial. *See* Tex. R. App. P. 44.2(a). We do not conduct a harm analysis unless we have determined that error occurred, which we have not done in this case. *See id.* Further, Appellant has not identified what harm he suffered

3

as a result of the State's closing argument nor have we identified any. *See Norris v. State*, 902 S.W.2d 428, 442 (Tex. Crim. App. 1995) ("[A]ppellant argues the trial court's failure to allow him to rebut the State's arguments rendered his trial fundamentally unfair.  This Court has resolved appellant's contentions adversely to him.  In addition, appellant has failed to demonstrate how his trial was fundamentally unfair.") (citations omitted), *overruled on other grounds by Roberts v. State*, 273 S.W.3d 322, 331 (Tex. Crim. App. 2008); *Degadillo*, 262 S.W.3d at 379 ("Degadillo did not offer a bill of exception, nor did he specify any harm that would come from the State not having made an opening argument.").  We overrule Appellant's first point.

## 2. Trial court's comment

In his second point, Appellant argues that the trial court erred by stating after Appellant objected, "I've given each side 15 minutes, and you've—you've chosen how you want to use yours."  Appellant claims this comment "would be construed by a jury as an admission that the Defendant was guilty."

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the

complaining party must have objected to the trial court's refusal to rule.  Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263.  A reviewing court should not address the merits of an issue that has not been preserved for appeal.  *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Appellant did not object in the trial court and has not preserved this complaint for our review.  Even if he had, we note that in order to control the trial of a case, the trial judge is necessarily given the discretion to express himself, and his judgment will not be reversed based on his comments unless "there is a showing of impropriety coupled with probable prejudice and rendition of an improper verdict."  *Food Source, Inc. v. Zurich Ins. Co.*, 751 S.W.2d 596, 600 (Tex. App.—Dallas 1988, writ denied).  Appellant has not demonstrated probable prejudice or that the verdict was improper, nor have we found anything in the record to support his contention.  We overrule Appellant's second point.

## Conclusion

Having overruled Appellant's two points, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 17, 2015