

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00421-CR

NICOLAS A. RAMIREZ                                                         APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY
TRIAL COURT NO. 1311541

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Nicolas A. Ramirez of the offense of driving while intoxicated with an alcohol concentration level of 0.15 or more. *See* Tex. Penal Code Ann. § 49.04(a), (d) (West Supp. 2016). In one issue, Ramirez contends that the trial court erred by admitting the results of his breath test. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

In the early morning hours of January 2, 2013, Officer Jimmy Rodriguez, a police officer employed by the City of Keller Police Department (KPD), was on patrol when he saw a vehicle pass by his location and noticed that it was straddling the left and right lanes of travel. Officer Rodriguez followed the vehicle and further witnessed it cross the solid white line onto the shoulder two times, as well as drift left onto the dotted line separating the left and right lanes of travel. These observations led Officer Rodriguez to initiate a traffic stop. The vehicle pulled over, and Officer Rodriguez approached the vehicle to make contact with the driver. The driver was Ramirez.

As he spoke with Ramirez, Officer Rodriguez noticed that Ramirez's eyes were bloodshot, and he smelled a slight odor of an alcoholic beverage. Officer Rodriguez asked Ramirez if he had been drinking any alcohol, and although Ramirez initially stated that he had not, he ultimately admitted to having "a couple of drinks of beer."[2] Ramirez then agreed to submit to a battery of three standardized field sobriety tests. Officer Rodriguez administered the horizontal gaze nystagmus, walk-and-turn, and one-leg-stand field sobriety tests to Ramirez. Based on Ramirez's performance of the field sobriety tests, driving behavior, and admission to drinking alcohol, as well as his personal interaction

[2]Ramirez testified that he lied to Officer Rodriguez about drinking because he was trying to avoid taking field sobriety tests and because he "knew [he] wasn't intoxicated." During trial, Ramirez testified to drinking "three beers and a shot" that night.

2

with Ramirez during the traffic stop, Officer Rodriguez placed Ramirez under arrest for driving while intoxicated.  Officer Rodriguez transported Ramirez to jail.

When they arrived at the jail, Officer Rodriguez asked Ramirez to take a breath test, and Ramirez consented.  *See* Tex. Transp. Code Ann. § 724.012 (West 2011).  After observing Ramirez for fifteen to twenty minutes, Officer Joseph Salvato, a certified intoxilyzer operator employed by the KPD, administered the breath test to Ramirez, collecting two breath samples from him. The first breath sample indicated a value of 0.188 grams of alcohol per 210 liters of breath, and the second sample indicated a value of 0.194 grams of alcohol per 210 liters of breath.  Thus, both samples were more than two times over the legal limit.  *See* Tex. Penal Code Ann. §§ 49.01(2)(B) (West 2011), 49.04(a).

The State charged Ramirez with driving while intoxicated with an alcohol concentration level of 0.15 or more.  *See id.* § 49.04(a), (d).  Ramirez filed several pretrial motions, including a motion to suppress the results of the breath test.  However, the record reflects that the trial court did not rule on Ramirez's motion to suppress the results of the breath test before the trial commenced, and Ramirez did not raise and obtain a ruling on it at any point during the trial.

When the State sought to introduce the results of the breath test into evidence, Ramirez's counsel stated that she had "[n]o objection."  Later in the trial, the State asked the trial court if it could publish the result of the breath test to the jury.  The trial court asked, "It's been admitted, correct?" to which the State

3

replied, "Yes, ma'am." Ramirez's counsel did not object to the breath test results during this exchange.

The jury convicted Ramirez of the offense charged, and he elected to have the trial court assess his punishment. In accordance with an agreement between the State and Ramirez as to his punishment, the trial court sentenced Ramirez to a $500 fine and 90 days' confinement, suspended imposition of the jail sentence, and placed him on community supervision. Ramirez filed a motion for new trial, which did not address the motion to suppress and which was overruled by operation of law.

Ramirez contends in his sole issue that the trial court erred by admitting the results of the breath test because Officer Salvato did not testify that he ran a reference sample through the intoxilyzer prior to administering the breath test to Ramirez. In response, the State argues that (1) Ramirez failed to preserve this issue for appeal; (2) the breath test results were admissible; and (3) even if the trial court erred by admitting the breath test results, such error was harmless.

Ordinarily, a party must preserve an issue during trial in order to raise it on appeal. Tex. R. App. P. 33.1; *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). To preserve an error for our review, a party must make a timely request, objection, or motion in the trial court specifically stating the grounds for the ruling the party sought, unless the grounds are apparent from the context. Tex. R. App. P. 33.1(a)(1); *Wenger v. State*, 292 S.W.3d 191, 202 (Tex. App.— Fort Worth 2009, no pet.). In addition, the trial court must rule, expressly or

4

implicitly, on the party's request, objection, or motion, or the party must have objected to the trial court's refusal to rule.  Tex. R. App. P. 33.1(a)(2).

Here, although Ramirez filed a pretrial motion to suppress the results of the breath test, he neither obtained a ruling from the trial court on that motion nor objected to the trial court's failure to rule on it.  *See id.*  Moreover, when the State offered the breath-test results during trial, Ramirez did not merely fail to object to the admission of those results into evidence; he affirmatively stated that he had "no objection" to the trial court's doing so.  For these reasons, we conclude that Ramirez failed to preserve his complaint that the trial court erred by admitting his breath-test results into evidence, and we overrule his sole issue.[3]  *See* Tex. R. App. P. 33.1; *Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2010).

Having overruled Ramirez's sole issue, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

---

[3]Even if Ramirez had preserved this issue, he would not prevail on his argument that the trial court erred by admitting his breath-test results.  Officer Mark Fondren, a certified technical supervisor employed by the KPD, testified regarding the reference sample for Ramirez's breath test.  Specifically, Officer Fondren testified that Ramirez's breath-test results reflected that a reference sample had been run through the intoxilyzer during his breath test.  Officer Fondren also testified that he had prepared that reference sample and that the test of the reference sample produced results well within the required tolerance range.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 25, 2016