

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00323-CR

---

SCOTT PAUL WAYNE                                         APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

### FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
### TRIAL COURT NO. 58,479-B

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Scott Paul Wayne appeals his conviction for aggravated assault with a deadly weapon for which he was sentenced to ten years' imprisonment. In a single point, Wayne argues that the trial court abused its discretion by

---

[1]*See* Tex. R. App. P. 47.4.

overruling his hearsay objection to a child's statement that "Daddy is trying to kill Mommy." We will affirm.

## II. BACKGROUND[2]

While on patrol in August 2015, Amber Bernal, an animal control officer with the City of Wichita Falls, saw two toddlers who were wandering around outside a home without adult supervision and radioed dispatch to notify the police department about the situation. An officer arrived on the scene in less than ten minutes.

Bernal stayed on the scene while the officer knocked on the door. Shortly thereafter, a thirteen-year-old girl and a ten-year-old boy came running out of the house. Bernal testified without objection that the girl screamed, "He's going to kill her. He's going to kill her."

Officer Donald Cole with the Wichita Falls Police Department testified that he responded to the dispatch for a welfare check on the two toddlers who were reported as "either in the street or getting into the street." When Officer Cole arrived, he found the two toddlers playing inside a playhouse on a porch. Officer Cole knocked on the door to inform the parents that their children had been near the street. As soon as Officer Cole knocked, the door opened, and two children, who were older than the toddlers and who appeared scared, ran out of the

---

[2]Because Wayne does not challenge the sufficiency of the evidence to support his conviction, we omit a detailed factual background and instead set forth only the facts that are pertinent to the issue he raises on appeal.

2

house. Over Wayne's objection, Officer Cole testified that the boy said, "Daddy is trying to kill Mommy." The older children then left, and Officer Cole did not see where they went.

Cara,[3] who was fourteen years old at the time of the trial, testified that Wayne used to be her step-father. Cara testified that on the date in question, her younger brother Jerry came into her room and said, "Mom and Dad are fighting." Cara then heard a loud bang and ran downstairs. She saw her mother lying on the floor, and Wayne was lying on top of her mother, pointing a knife at her and calling her names. Cara's mother told her to call 911. Wayne said, "Don't call 911 or I'll kill your mom and you're next," and told Cara to go sit on the couch. Shortly after Cara sat down on the couch, she saw a police officer approaching the door. Cara ran and unlocked the door and let the police officer in. Cara testified without objection that she told the police officer that her dad[4] was trying to kill her mom, and then she and Jerry ran down the street to a friend's house.

Jerry, who was eleven years old at the time of the trial, testified that Wayne was his former step-father. On the date in question, Jerry was helping his mom clean the kitchen when Wayne came in the kitchen and slammed his mom to the floor. Jerry ran upstairs to his sister's room and told her that "Mom and Dad were fighting." After hearing a loud bang, Cara went downstairs, and Jerry eventually

---

[3]We use aliases throughout the opinion to refer to the children, who are minors. *See* Tex. R. App. P. 9.8 cmt., 9.10(a)(3).

[4]Cara testified that she used to refer to Wayne as her dad.

joined her when he saw her sitting on the couch.  When the police officer arrived, Jerry heard Cara tell the police officer, "Our dad's trying to kill our mom."[5]

Tracy Moffett, the mother of Cara and Jerry and the ex-wife of Wayne, also testified at trial.  She provided details about what led up to the assault and explained that she struggled to take the knife from Wayne until the police officer came to the door.  Moffett testified without objection that she heard one or both of her children say, "Daddy's trying to kill Mommy."

### III.  ANY ERROR WAS NOT PRESERVED FOR REVIEW

In his sole point, Wayne argues that the trial court abused its discretion by overruling his hearsay objection to Officer Cole's testimony that Jerry said, "Daddy is trying to kill Mommy."

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016).  A party must continue to object each time the objectionable evidence is offered. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); *Clay v. State*, 361 S.W.3d 762, 766 (Tex. App.—Fort Worth 2012, no pet.).  A reviewing court should not

---

[5]This statement was admitted over Wayne's hearsay objection.

4

address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Wayne argues that the trial court erred by admitting Officer Cole's testimony relating the child's statement—"Daddy is trying to kill Mommy"—over Wayne's hearsay objection. After the trial court overruled Wayne's objection during Officer Cole's testimony, Wayne did not seek a running objection. The State points out that the challenged statement was subsequently admitted without objection during Cara's testimony and that Moffett's testimony was referenced in Bernal's testimony, which preceded Officer Cole's testimony. Because an objection was not lodged each time the challenged statement was made, the alleged error in admitting the statement during Officer Cole's testimony is not preserved for our review. *See Clay*, 361 S.W.3d at 767 ("[B]ecause Wallace provided testimony about the Louisiana records without objection before and after appellant's objection to the admission of the records and because appellant failed to obtain a running objection, we conclude that he forfeited his objection to the records' admission.").

Within his sole point, Wayne also contends that "[t]he hearsay exception for the introduction of an excited utterance must yield to the right of confrontation granted to all those accused" and that "[t]he record of this case is void as regards an analysis by the court as to the issues of unavailability and prior opportunity to cross-examine the declarant of the alleged utterance." However, Wayne raised

5

no Confrontation Clause objection in the trial court.[6]  Because the Confrontation Clause argument asserted on appeal was not raised at trial, it also is not preserved for our review.  *See Leza v. State*, 351 S.W.3d 344, 360–61 (Tex. Crim. App. 2011) (holding that appellant failed to preserve constitutional argument raised on appeal because "he never alerted the trial court in any way that exclusion of the statement would violate any federal constitutional right"); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) ("Because [appellant] 'did not clearly articulate' that the Confrontation Clause demanded admission of the evidence, the trial judge 'never had the opportunity to rule upon' this rationale.").

Having determined that the arguments raised here have not been preserved for our review, we overrule Wayne's sole point.

## IV. CONCLUSION

Having overruled Wayne's sole point, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 9, 2018

---

[6]In the trial court, Wayne had the opportunity to cross-examine both Cara and Jerry.

6