**Affirmed; Opinion Filed July 31, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00882-CR**

**JULIO OROZCO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 067259**

# MEMORANDUM OPINION
Before Chief Justice Burns, Justice Whitehill, and Justice Partida-Kipness
Opinion by Justice Partida-Kipness

Appellant, Julio Orozco, was charged by indictment with three counts of invasive visual recording. A jury convicted Orozco of the offense as alleged in Count 2 of the indictment.[1] The trial court assessed punishment at eighteen months' confinement in a state jail. On appeal, Orozco challenges the trial court's denial of his motion to suppress contending that the search warrant affidavit failed to comply with the requirements of article 18.0215(c) of the code of criminal procedure. We affirm. Because the issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

---

[1] At the close of evidence, the State elected to go forward only on the allegations contained in Count 2.

**BACKGROUND**

Count 2 of the indictment alleged that on or about December 1, 2015, Orozco, with the intent to invade the privacy of R.M., and without the effective consent of R.M., recorded by electronic means a visual image of R.M. in a bathroom. Luisa Mendez, Orozco's wife, testified that she found a cell phone that contained videos of her three children in the bathroom in the vehicle Orozco used for work. Mendez confiscated the phone and turned it over to officers of the Sherman Police Department. Orozco admitted to his wife that he had placed a cell phone in the family bathroom. Orozco also admitted to the police that he had placed a recording device in his family's bathroom. During trial, the video and photographic evidence extracted from the cell phone was admitted into evidence over Orozco's objection.

**ANALYSIS**

In his sole issued on appeal, Orozco contends the trial court erred by denying his motion to suppress the video and photographic evidence extracted from the cell phone. The record shows that the evidence was extracted from the cell phone pursuant to a search warrant issued by a magistrate. Orozco argues the search warrant was invalid because the affidavit failed to comply with the requirements of article 18.0215(c) of the code of criminal procedure since it did not include any reference to the applicant's address. *See* TEX. CODE CRIM. PROC. art. 18.0215(c)(1).

As an appellate court, we generally review a trial court's ruling or an objection to its refusal to rule. *See* TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). "The two main purposes of requiring a specific objection are to inform the trial judge of the basis of the objection so that he has an opportunity to rule on it and to allow opposing counsel to remedy the error." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). This is called preservation of error and "is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (footnote omitted). To preserve a complaint for our review, a party

must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1). We are not hyper-technical in examination of whether error was preserved, but a complaint on appeal must comport with the complaint made at trial. *See Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014). If an issue has not been preserved for appeal, we should not address it. *Clark*, 365 S.W.3d at 339. This is because if an appellant fails to preserve a complaint nothing is presented for our review. *See Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990) ("Generally, error must be presented at trial with a timely and specific objection, and any objection at trial which differs from the complaint on appeal preserves nothing for review.").

During the hearing on the motion to suppress, counsel objected as follows:

> THE COURT: All right. What specifically in the affidavit do you feel is inadequate?
>
> [APPELLANT'S COUNSEL]: Your Honor, in – this search warrant was executed on February 2, 2016. And on September 1, 2015, five months earlier, a new statute had gone into effect. We would ask the Court to take judicial notice of CCP Article 18.0215. I have a copy for the Court if you would like?
>
> THE COURT: I would like, yes, sir.
>
> [APPELLANT'S COUNSEL]: Your Honor, the highlighted portions there will show you the new items in this particular statute. This statute addresses specifically access to cellular telephones or wireless communication devices, which would be the case here. It required they put in specifically language that said that the application must use – must provide the department agency an address of the applicant. And further it requires under a "must" that the judicial – that the applicant state the judicial district in which either the law enforcement agency that holds the phone is located or where the phone is likely to be located. And this – the affidavit the State contends contains neither, as far as we can tell.
>
> THE COURT: What says the State?

[PROSECUTOR]: First of all, Your Honor, I would draw your attention to paragraph A of the Code, Your Honor, that defense counsel has just handed you, 18.0215. The State argues 18.0215 doesn't even apply to the situation, Your Honor, because this is – in situations where it's pursuant to the lawful arrest of the person. This was not a case in which the defendant was arrested and then his phone was taken from him. This was a situation where the phone was given consensually by the defendant's wife who was in possession of the phone.

THE COURT: The Court would like to see a copy of the search warrant.

[PROSECUTOR]: Including the affidavit, Your Honor?

THE COURT: Yes, ma'am, please.

Thank you.

All right. From the movant's position, what specifically – are you talking about the address of the Sherman Police Department? You think that's –

[APPELLANT'S COUNSEL]: Your Honor, portions of the address appear in the affidavit. And there is no – I mean, it says the street name and it says the city of the police department. But specifically the judicial district in which the officer's employed or where the phone will be located is not identified.

THE COURT: That's the only question?

[APPELLANT'S COUNSEL]: Yes, Your Honor.

THE COURT: All right. The Court having heard the evidence is of the opinion that this search warrant and affidavit substantially complies, unless you have some case law that indicates that the state judicial district is necessary. I have a feeling that's . . .

[APPELLANT'S COUNSEL]: No, Your Honor, other than the statute's use of the term "must" indicates a strict compliance.

THE COURT: I think that's ambiguous. Are you talking about the district court or the administrative district? You know, I don't see where that – that does not – that's not specific enough to avoid substantial – the doctrine of substantial compliance. So the court will, having heard the evidence, made a docket notation the Motion to Suppress is overruled.

Based upon the above exchange between appellant's counsel and the trial court, counsel's objection at trial goes to the failure of the affidavit to include the judicial district in which the officer is employed. Orozco's complaint on appeal is that the affidavit "reveals no reference to the address of the applicant." At trial, defense counsel did not object on this basis. During the

–4–

hearing on the motion to suppress, counsel initially referenced the language in article 18.0215 requiring the department agency and address of the applicant. However, when the trial court asked if counsel was talking about the address of the Sherman Police Department, counsel acknowledged that portions of the address appeared in the affidavit, i.e., the street name and the city where the police department was located. Counsel then went on to say that what was specifically missing was the judicial district in which the officer was employed. The trial court then asked if that was counsel's only question about the affidavit, to which counsel responded, "Yes, Your Honor." When the evidence was offered at trial, counsel merely reurged his pretrial objections. Under these circumstances, we conclude that Orozco's complaint on appeal was not preserved for appellate review because it does not comport with his objection at trial. We overrule Orozco's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2
180882F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JULIO OROZCO, Appellant

No. 05-18-00882-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 067259.
Opinion delivered by Justice Partida-Kipness, Chief Justice Burns and Justice Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of July, 2019.