**Affirmed and Memorandum Opinion filed March 30, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00287-CR

**KENNETH JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court 2**
**Tarrant County, Texas**
**Trial Court Cause No. 1620739R**

## MEMORANDUM OPINION

Appellant Kenneth Johnson challenges his convictions for aggravated sexual assault of a child and two counts of indecency with a child. *See* Tex. Penal Code Ann. § 22.021(a)(B) & 21.11(a)(1). In a single issue appellant asserts the trial court erred in failing to sustain defense counsel's objection to a misstatement of the

record.[1] We affirm.

## BACKGROUND

Appellant does not challenge the factual or legal sufficiency of the evidence. Therefore, we recite only those facts necessary for our analysis.

Appellant was indicted for aggravated sexual assault and indecency with his girlfriend's daughter. The complainant testified that appellant engaged in inappropriate sexual contact with her at a time when the complainant was under 14 years old. The complainant made an outcry to her mother who told the complainant not to tell anyone else. The complainant also called her father and told him about appellant's actions. The complainant subsequently moved out of her mother's house and lived with her father.

The complainant's mother testified about the outcry. On cross-examination, the mother testified that she believed that appellant touched the complainant in an inappropriate place, but she did not believe the touching was intentional. After several other witnesses testified corroborating the complainant's outcry, the jury found appellant guilty of aggravated sexual assault of a child and indecency with a child.

At the punishment phase of trial, appellant presented the complainant's maternal aunt, Debra Murray Jackson, as a character witness. On cross-examination by the State, Jackson testified as follows:

> Q. Debra, my name is Marcus Hanna. I'm a prosecutor, and I've got some questions for you. Okay? Do you mind answering them?

---

[1] This appeal was transferred from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. We apply the precedent of that court to the extent required by Texas Rule of Appellate Procedure 41.3.

2

A. I don't have a choice.

Q. Okay. I just didn't know. Would it surprise you to know that [the complainant's mother] believes her daughter?

[Defense Counsel]: Your Honor, I'm going to object to this. [The complainant's mother] did not say she believed her daughter.

THE COURT: The jury will recall that. Let's just move on.

Q. (By Mr. Hanna) Would it surprise you to know that [the complainant's mother] believes her daughter?

A. She's never told me that. So, yes, it would surprise me.

Appellant made no further objection to the testimony whether the complainant's mother believed her daughter. In a single issue on appeal appellant asserts that the trial court's failure to sustain his counsel's objection to the misstatement of evidence was harmful error because it placed appellant in a false light.

ANALYSIS

Preservation of error is a systemic requirement on appeal. To preserve error for appellate review, the record must show that the complaint was made to the trial court by a timely objection, the trial court ruled on the objection, and the issue on appeal must correspond to the objection made at trial. Tex. R. App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Defense counsel must obtain an adverse ruling upon objections to preserve error. *Nastu v. State*, 589 S.W.2d 434 (Tex. Crim. App. 1979). A reminder that the "jury will recall the evidence" is not an adverse ruling. *Mayberry v. State*, 532 S.W.2d 80 (Tex. Crim. App. 1976). By failing to obtain an adverse ruling from the trial court on the allegedly objectionable testimony, appellant did not preserve error.

3

*See Leopard v. State*, 634 S.W.2d 799, 802 (Tex. App.—Fort Worth 1982, no pet.).

Appellant argues in his brief that the prosecutor's alleged misstatement was an abuse of discretion. Appellant further argues that the prosecutor's attempt to "elicit this type of testimony from the witness is inadmissible." As an appellate court, we do not review whether the prosecutor abused his or her discretion or elicited inadmissible testimony. Our review is limited to whether the trial court abused its discretion or erred in admitting inadmissible evidence. Texas Rule of Appellate Procedure 33.1 clearly states that, in order to preserve error, the record must show that the trial court either "ruled on the request, objection, or motion either expressly or implicitly or refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." *See also Dixon v. State*, 595 S.W.3d 216, 224 n.22 (Tex. Crim. App. 2020) (to preserve error defendant must obtain a ruling from the trial court or object to the trial court's failure to rule). Because appellant failed to obtain a ruling or object to the failure to rule, we cannot determine whether the trial court abused its discretion. Because Appellant did not preserve error for review we overrule appellant's sole issue on appeal.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.


/s/ Jerry Zimmerer
Justice


Panel consists of Justices Wise, Zimmerer, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).

4