

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00090-CR
_____

JERIMIE MCDONALD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29015

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Although there was a Magistrate's Order of Emergency Protection (EPO) in effect on behalf of his ex-girlfriend, Haley Magnuson, that prohibited Jerimie McDonald from going within 250 feet of Magnuson's residence, McDonald violated the EPO two times within one week. As a result, a Lamar County jury found McDonald guilty of violating a protective order two or more times within twelve months[1] and assessed him a punishment of eight years' imprisonment. On appeal, McDonald asserts that the trial court reversibly erred by admitting an unredacted copy of the EPO. Because we find that McDonald procedurally defaulted his complaint, we affirm the trial court's judgment.

At trial, the State offered a copy of the EPO as its exhibit 1. McDonald objected to the admission of one paragraph of the EPO, which read, "This Order is valid for 91 days. [Must be 31-61 days, unless the Defendant used or exhibited a deadly weapon during the commission of an assault, in which case must be 61-91 days]." He asked that the paragraph be removed or redacted from the order because it was prejudicial and "it [went] to the underlying assault case." The trial court overruled the objection and admitted the EPO into evidence.

In his sole issue, McDonald argues that the trial court reversibly erred in admitting the unredacted EPO because the objected-to paragraph was not relevant to any issue in the case and was unfairly prejudicial. *See* TEX. R. EVID. 402, 403. However, after the trial court admitted the unredacted EPO, Sergeant Matt Birch of the Paris Police Department testified, without objection, that, in instances of family violence that involves serious bodily injury or a deadly weapon being

---

[1]*See* TEX. CODE CRIM. PROC. ANN. art. 17.292 (Supp.); TEX. PENAL CODE ANN. § 25.07(a), § 25.072(a) (Supp.).

2

exhibited, the issuance of an emergency protective order was mandatory, that the issuance of this EPO was required by law, and that the EPO may be issued for thirty-one, sixty-one, or ninety-one days based on the circumstances.[2]

> [T]o preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection. In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection. An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.

*Davis v. State*, 614 S.W.3d 223, 228–29 (Tex. App.—Texarkana 2020, no pet.) (alterations in original) (quoting *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (quoting *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003))). "This rule applies whether the same evidence was admitted 'without objection . . . before or after the complained-of ruling.'" *Id.* (quoting *Lane*, 151 S.W.3d at 193 (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998))).

Because McDonald did not object to Birch's testimony or obtain a running objection, he procedurally defaulted this complaint. Because the issue is not presented for our review,[3] we overrule his sole issue.

---

[2]The EPO was issued pursuant to the following statute:

> (b)    At a defendant's appearance before a magistrate after arrest for an offense involving family violence, the magistrate shall issue an order for emergency protection if the arrest is for an offense that also involves:
>
> (1)    serious bodily injury to the victim; or
>
> (2)    the use or exhibition of a deadly weapon during the commission of an assault.

TEX. CODE CRIM. PROC. ANN. art 17.292(b).

For the reasons stated, we affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     February 03, 2022
Date Decided:       March 15, 2022

Do Not Publish

---

[3]We also note that McDonald objected to the entire paragraph and requested that it be redacted. This included the statement that the order was valid for ninety-one days, which was not unfairly prejudicial and was relevant to show that the EPO was in effect when McDonald committed the two violations of the EPO. As such, this statement was admissible.

In order to preserve a complaint for appellate review, "a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context." *Mims v. State*, 607 S.W.3d 419, 428 (Tex. App.—Texarkana 2020, pet. ref'd) (citing TEX. R. APP. P. 33.1(a)(1)). Further, "[w]hen an exhibit contains both admissible and inadmissible evidence, the objection must specifically refer to the challenged material to apprise the trial court of the exact objection." *Sonnier v. State*, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995). If the objection does not specifically point out which part of the evidence is inadmissible, then it is insufficient to preserve any error in the admission of the evidence. *See Whitaker v. State*, 286 S.W.3d 355, 369 (Tex. Crim. App. 2009). Because McDonald objected to the entire paragraph without specifying which portions were inadmissible, he has not preserved this complaint for our review. *See id.*

"Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (citing *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005)). An appellate court should not address the merits of an issue if it has not been preserved for appeal. *Id.* Consequently, we should review preservation of error on our own motion, even if the parties have not raised the issue. *Id.* at 532–33.