# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00419-CR

---

**Joseph Juarez, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
NO. 17-1908-K26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Joseph Juarez of aggravated robbery and assessed punishment at 36 years' imprisonment. The district court rendered judgment on the verdict. In two issues on appeal, Juarez asserts that the district court abused its discretion in admitting extraneous-offense evidence and "victim impact" evidence. We will affirm the judgment of conviction.

## BACKGROUND

The jury heard evidence that on the night of September 18, 2017, a masked man robbed a convenience store in Round Rock. Graham Schwab, a store clerk at the time of the robbery, testified that he and another clerk were closing the store for the night when he saw a man walk into the store wearing a bandana, gloves, a beanie, and "some kind of glasses." The man "flashed" a pistol toward the clerks, told them to get on their knees, shot the pistol "up in

the ceiling," and demanded they give him the money from the cash register as he pointed the pistol alternately at them and the register. The clerks complied, and the man left the store. Schwab then called 911. A security camera in the store recorded the robbery, and a copy of the recording was admitted into evidence.

Detective Bernie Villegas of the Round Rock Police Department investigated the robbery. Villegas testified that he went to the store, obtained the surveillance video, and released it to the public, hoping to obtain leads on the perpetrator. The effort succeeded. Four people called the department and identified Juarez as the robber. Although one of the callers remained anonymous, the other callers identified themselves as Renee Carrillo, the mother of Juarez's daughter; Angelina Stiles, a woman who had been engaged to Juarez's uncle and who was familiar with Juarez; and Juarez's sister, Veronica. All three of the identified callers testified at trial and explained how they were able to identify Juarez in the video, including by recognizing his voice, the green bandana that he wore, the way in which he walked, and a tattoo on his neck. Based on the information that he received from the callers, Villegas obtained an arrest warrant for Juarez. Villegas also obtained personal property that belonged to Juarez, including two bullets that were consistent with bullet casing that was recovered from the store after the robbery, a beanie and gloves, and a dark sweatshirt and dark black pants that Villegas testified appeared consistent with clothing that was worn by the robber in the video.

Other witnesses at trial included Juarez's uncle, who also watched the video of the robbery and testified that the robber "might be" Juarez; Angelina's daughter Makenzie Stiles, who had spent time with Juarez when her mother was engaged to Juarez's uncle and who also identified Juarez in the surveillance video; and Jackie Taylor, the other store clerk at the time of

2

the robbery. After hearing this and other evidence, the jury found Juarez guilty of aggravated robbery as charged. This appeal followed.

## DISCUSSION

Both of Juarez's issues on appeal involve the admissibility of evidence during the guilt / innocence stage of trial. In his first issue, Juarez asserts that the district court abused its discretion in admitting testimony by Makenzie Stiles that Juarez would brag to her about "hitting licks," which Stiles testified meant committing robberies and "things like that." Juarez contends that this was inadmissible extraneous-offense evidence. *See* Tex. R. Evid. 404(b). In his second issue, Juarez claims that the district court abused its discretion in admitting testimony by Jackie Taylor, the other store clerk, that because of the robbery, she suffers from physical and mental health issues that are so severe that she is unable to work and had been involuntarily committed to a psychiatric hospital. Juarez argues that this was irrelevant and unfairly prejudicial "victim impact" evidence that should not have been admitted during the guilt / innocence stage of trial. *See* Tex. R. Evid. 403; *Miller–El v. State*, 782 S.W.2d 892, 895–97 (Tex. Crim. App. 1990) (explaining that "victim impact" evidence is generally admissible only during punishment stage of trial). In response to both issues, the State argues that Juarez failed to preserve error.

"Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009). If an issue has not been preserved for appeal, an appellate court should not address the merits of that issue. *Id*. To preserve error in the admission of evidence, a party must timely object and state the specific grounds for the objection, unless the grounds were apparent from the context in which the objection was made.

3

*See* Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002).

In this case, the record reflects that Juarez failed to object to the admissibility of either the extraneous-offense evidence or the victim-impact evidence. Accordingly, he has failed to preserve error on either issue. *See Mays v. State*, 318 S.W.3d 368, 391–92 (Tex. Crim. App. 2010) (concluding that defendant failed to preserve error in admission of victim-impact evidence); *Manns v. State*, 122 S.W.3d 171, 189–90 (Tex. Crim. App. 2003) (concluding that defendant failed to preserve error in admission of extraneous-offense evidence).

Additionally, even if Juarez had preserved error, given the overwhelming evidence of his guilt presented at trial, including the testimony of multiple individuals who identified Juarez as the robber in the surveillance video and physical evidence that connected him to the crime, we could not conclude on this record that the admission of either the extraneous-offense evidence or the victim-impact evidence, even if erroneous, had a "substantial and injurious effect or influence in determining the jury's verdict" so as to harm Juarez. *See Motilla v. State*, 78 S.W.3d 352, 358–60 (Tex. Crim. App. 2002); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *see also* Tex. R. App. P. 44.2(b).

We overrule Juarez's first and second issues.

## CONCLUSION

We affirm the district court's judgment.

_____

Gisela D. Triana, Justice

4

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   August 17, 2022

Do Not Publish