# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00462-CR

**Anthony Jesus Torres, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2013-363, THE HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Anthony Jesus Torres challenges the district court's judgment on remand, which assessed a twenty-year sentence for his conviction for the second-degree felony offense of sexual assault. *See* Tex. Penal Code §§ 22.011(a), 12.33(a). In three issues, Torres challenges the admission of evidence of a plea agreement between Torres and the State, which was rejected by the previous trial judge during the guilt-innocence phase of trial. Torres contends that the admission of that evidence violated Rules of Evidence 403 and 410 and constituted ineffective assistance of trial counsel. We will affirm the trial court's judgment.

## BACKGROUND

A jury found Torres guilty of the first-degree felony offense of sexual assault in a prohibited relationship and assessed punishment at twenty-years imprisonment. Torres appealed and this Court modified the conviction to a second-degree felony offense and remanded the case

to the trial court for a new punishment hearing. *Torres v. State*, No. 03-14-00712-CR, 2017 WL 3124238, at \*1 (Tex. App.—Austin July 21, 2017, no pet.) (mem. op., not designated for publication). On remand, the trial court sentenced Torres to twenty years' imprisonment. *See* Tex. Penal Code §§ 22.011(a), 12.33(a).

## DISCUSSION

*Evidentiary Challenges*

Torres's first and second issues contend that the trial court erred by admitting evidence of his prior plea agreements from the guilt-innocence phase of his trial, which were rejected by the previous trial judge, because they were inadmissible under Rules of Evidence 403 and 410. *See* Tex. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence."), 410(b) (listing types of evidence regarding guilty pleas, plea discussions, and related statements that are not admissible in criminal cases). The State correctly points out that Torres did not object to the admission of the complained of evidence.

To preserve a complaint for appellate review, (1) a party must have made a timely, specific objection, request, or motion to the trial court that stated the specific grounds for the ruling sought by the complaining party, unless the specific grounds were apparent from the context, and (2) the trial court must have either ruled or refused to rule on the request—in which case the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a). After reviewing the record, we agree with the State that Torres waived his evidentiary complaints because he did not make any objection to the complained of evidence. *See Saldano*

*v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) (explaining that failure to object to admission of evidence waives appellate complaints regarding admissibility of that evidence even if "the error may concern a constitutional right of the defendant"). Preservation of error is a systemic requirement. *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). Thus, we do not address the merit of these arguments. *See Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) ("If an issue has not been preserved for appeal, neither the court of appeals nor this Court should address the merits of that issue.").

We overrule Torres's first and second issues.

*Ineffective Assistance of Trial Counsel*

In his final issue, Torres contends that his trial counsel was ineffective for failing to either redact the record of the guilt-innocence proceeding to prevent the trial judge who assessed punishment from knowing the details of the plea agreement presented to and rejected by the previous trial judge or to object to the trial judge reviewing them.

To prevail on his claim of ineffective assistance of counsel, Torres must prove by a preponderance of the evidence that: (1) his counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772–74 (Tex. Crim. App. 1999). The review of a trial counsel's representation on an ineffective-assistance challenge is highly deferential to the counsel's professional judgment. *Strickland*, 466 U.S. at 689.

To meet the first prong of the *Strickland* test, Torres must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* "[A]ny allegation of ineffective assistance must be firmly founded in the record,

3

and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Generally, a reviewing court will not speculate about counsel's trial strategy. *Mayhue v. State*, 969 S.W.2d 503, 511 (Tex. App.—Austin 1998, no pet.). When there is an absence of evidence in the record of counsel's reasons for the challenged conduct, we "will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). "A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813.

During the guilt-innocence phase of Torres's trial, plea agreements were presented to the judge on the record and rejected by the trial court. On remand, a different trial judge heard the punishment evidence and assessed Torres's sentence. At the beginning of the punishment hearing, the sentencing judge stepped out of the courtroom so that counsel could create a record, through testimony by Torres, regarding plea negotiations relevant to the punishment hearing that was taking place without the sentencing judge hearing the details of the plea negotiations. Torres testified that his trial counsel communicated the State's offer but that he rejected the offer because he would not accept anything less than "time-served," which would have been about six years at the time of the hearing. After this testimony concluded, the trial judge returned and the hearing continued.

The trial judge made a couple of references to parts of the guilt-innocence record that were provided to him by the attorneys. First, he noted: "At the request of the parties for the record, the Court was given a—some disks, so the Court has read most of the transcript of all of everything through the guilt/innocence." The trial judge also stated: "There—the Court noted in

4

reading the transcripts that at some point in time there was a plea offer made during the trial that apparently was rejected by [the previous judge], too. I don't know how relevant that is, but, you know, that—that was in the record that you gave me." The full reporter's record from the guilt-innocence phase of trial was then admitted into evidence by the State, which included the hearing at which the previous trial judge heard and rejected the terms of the parties' plea agreement.

On appeal, Torres contends that Rule 410 prohibited the admission of the portion of the guilt-innocence record that mentioned the plea bargains. *See* Tex. R. Evid. 410. Rule 410 provides:

> In a criminal case, evidence of the following is not admissible against the defendant who made the plea or was a participant in the plea discussions:
>
> (1) a guilty plea that was later withdrawn;
>
> (2) a nolo contendere plea that was later withdrawn;
>
> (3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
>
> (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty or nolo contendere plea or they resulted in a later-withdrawn guilty or nolo contendere plea.

*Id.*

We have no record from which we may discern that counsel's performance was not based on sound strategy. *See Thompson*, 9 S.W.3d at 813–14 ("A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal. . . . In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately

reflect the failings of trial counsel."). Although a motion for new trial was filed, it did not raise this issue and no hearing was held. Torres relies heavily on the fact that his trial counsel made sure to keep details of the plea negotiations regarding punishment from the sentencing judge but allowed unredacted details of the earlier plea agreement to be entered into evidence. He contends that this demonstrates that his counsel was deficient because counsel knew that details from plea negotiations should not be presented to the judge who would be assessing punishment. However, the plea deals were for two different offenses. Torres does not explain how his trial counsel's decision to prevent the sentencing judge from knowing the details of plea negotiations relevant to the offense he was being sentenced for makes it so that trial counsel could not have a reasonable trial strategy for allowing in information about a different offense. We are not convinced that under the facts of this case that failing to object to the admission of the reporter's record or request that the reporter's record be redacted are so egregious that no competent attorney would have acted similarly. *See Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"); *Garcia*, 57 S.W.3d at 440 ("[I]n the absence of evidence of counsel's reasons for the challenged conduct, an appellate court . . . will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it."). Accordingly, we overrule Torres's ineffective-assistance claim.

**CONCLUSION**

Because we overruled all of Torres's issues, we affirm the trial court's judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Theofanis

Affirmed

Filed:   August 2, 2023

Do Not Publish