# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00368-CR

---

**Josue Antonio Gurrola, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY**
**NO. 21-1654-K368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Josue Antonio Gurrola challenges his conviction for the first-degree felony offense of sexual assault of a child for penetrating the sexual organ of his biological cousin and adopted sister, Iris,[1] who was about fourteen years old at the time of the offense. *See* Tex. Penal Code § 22.011(a)(2)(A), (f)(1). In his sole issue, he contends that the trial court abused its discretion by admitting "victim impact evidence" during the guilt-innocence phase of trial through the testimony of a clinical supervisor at a children's advocacy center. Gurrola has not preserved this error for appellate review. We affirm the trial court's judgment of conviction.

---

[1] Because the victim in this case was a minor at the time of the offense, we will refer to her with a pseudonym and to her family members by their relationship to her to protect her privacy. *See* Tex. R. App. P. 9.10(a)(3).

## BACKGROUND

Iris testified that when she was fourteen years old and younger, her brother, Gurrola,—who is twenty-two years older than her and was living in the family home with her—sexually abused her on multiple occasions. Specific to the charged offense, she testified that on more than one occasion he inserted his penis inside her. Iris testified that during the same month that she turned fifteen, her younger brother died by suicide and Gurrola moved out shortly after that. The abuse did not happen again after he moved. Several months later, she told her mom what he had done. Iris was taken to a children's advocacy center.

Mother testified about having suspicions that Gurrola was inappropriately touching Iris prior to her outcry. Both the forensic nurse and interviewer at the children's advocacy center testified.

Kaysha Herd testified that she was the clinical supervisor at the children's advocacy center that Iris was taken to. Herd testified about the type of therapy provided to Iris—trauma-focused behavior therapy and traumatic grief component therapy. She testified that Iris had post-traumatic stress disorder including symptoms of anxiety, disassociation, and "sexual concern related to distress." Herd also testified to the feelings that Iris expressed that were a result of Gurrola's abuse of her—anxiety, loneliness, self-blame, and disgust.

After hearing all the evidence, the jury found Gurrola guilty of sexual assault of a child and assessed punishment at ninety-nine years' imprisonment. *See* Tex. Penal Code §§ 12.32, 22.011(a)(2)(A), (f)(1). This appeal followed.

## DISCUSSION

In his sole issue on appeal, Gurrola contends that the trial court abused its discretion in admitting victim-impact testimony from Herd during the guilt-innocence phase of Gurrola's trial.[2] *See Hayden v. State*, 296 S.W.3d 549, 553 (Tex. Crim. App. 2009) (defining "victim-impact evidence" as "evidence of the effect the victim's death has on other people"); *Haley v. State*, 173 S.W.3d 510, 517 (Tex. Crim. App. 2005) (defining "victim-impact evidence" as "evidence concerning the effect the victim's death will have on others, particularly the victim's family members"); *see also Reynolds v. State*, 371 S.W.3d 511, 526 (Tex. App.— Houston [1st Dist.] 2012, pet. ref'd) (more broadly defining "victim-impact evidence" as "evidence concerning the effect of the crime after the crime occurs"). In explaining his contention that her testimony included impermissible victim-impact testimony, he states in his appellate brief that the testimony was "highly prejudicial and not relevant or appropriate for the guilt-innocence phase of Gurrola's trial."

The State, however, contends that Gurrola's "victim impact testimony" complaint was not preserved. We agree. To preserve a claim for appellate review, there must generally be

---

[2] In his appellate brief, Appellant complains of the admission of the following testimony:

> Herd testified that [Iris] expressed feelings of anxiety, loneliness, self-blame[,] and disgust about herself and/or what had happened to her. Herd testified how [Iris] received trauma-focused behavior therapy and traumatic grief component therapy. Herd explained that traumatic grief component therapy helped adolescents that were working through any type of grief or maladaptive reactions, and that [Iris] was experiencing some maladaptive grief reactions caused by her younger brother's suicide. Herd testified that [Iris] had elevations of symptoms of anxiety as well as disassociation and sexual concern related to distress. Herd added that [Iris] also met the criteria for posttraumatic stress disorder.

3

a timely, specific objection that comports with the complaint on appeal as well as an adverse ruling from the trial court. *See* Tex. R. App. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (explaining that complaint on appeal must comport with objection at trial). Further, the objection must state the relevant grounds for the complaint "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). Generally, in order to preserve error, a party must continue to object each time inadmissible evidence is offered, unless the party obtains a running objection or requests a hearing outside the presence of the jury. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). To preserve error regarding the subject of a motion in limine, an objection must be made at the time the subject is raised during trial. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).

At the beginning of Herd's testimony, defense counsel objected to her testifying at all. He argued that she was not a proper guilt-innocence witness, that she had nothing relevant to testify about, that she would be a good punishment witness, that her testimony would be about "victimization" and not relevant, that her testimony was "highly prejudicial," and that her testimony would be "bolstering." The trial court overruled the objections to "allow Ms. Herd to testify, but [not] to get into specific statements made by [Iris]." No running objection was requested or granted. However, defense counsel requested a "motion in limine as to any statements made by the child to her." The trial court granted the motion. The prosecutor proceeded to question Herd, and she testified about the matters described above. Near the end of Herd's testimony, the prosecutor asked about what feelings Iris had expressed regarding Gurrola's abuse of her. Defense counsel objected that the answer would violate the granted motion in limine by including what Iris said to Herd. The trial court overruled the objection,

4

noting that the witness knew not to say what the child said, and the witness answered, "She had expressed feelings of anxiety, loneliness, self-blame, disgust, to name a few." No additional objections were made to this witness's testimony.

Here, no running objection was obtained nor additional objections made at the time the testimony was offered regarding victim-impact testimony, relevance, or prejudice. We conclude that Gurrola did not preserve this issue for appellate review. *See Martinez*, 98 S.W.3d at 193 (explaining general rule that objection must be made each time allegedly inadmissible testimony is offered or running objection must be obtained to preserve error); *see also Parker v. State*, 727 S.W.3d 38, 73 (Tex. Crim. App. 2025) (explaining that motions in limine do not preserve error). Because this complaint was not preserved for appellate review, we do not reach the merits of this issue. *See Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (explaining that if issue has not been preserved for appeal, court of appeals should not address merits of that issue).

## CONCLUSION

We affirm the trial court's judgment of conviction.

_____

Gisela D. Triana, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed: April 14, 2026

Do Not Publish